# LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY

## v.

## LAWRENCE CLARK, ADMINISTRATOR.

*Railroads—Negligence—Personal Injuries—Infant.*

1.   Possession of a given track by a railroad company at a point other than a street crossing, is presumptive evidence that the same is on its own property.

2.   Such companies are not under greater obligations to anticipate the presence of children upon their tracks than of adults.

3.   In view of the giving of an erroneous instruction touching the degree of care incumbent upon railroad companies, as to persons upon their tracks, this court reverses a judgment for the plaintiff in an action brought by an administrator to recover for the death of a child, alleged to have occurred through the negligence of such a company.

[Opinion filed July 30, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. PLINY B. SMITH and JAMES I. BEST, for appellant.

Messrs. W. H. RICHARDSON and N. T. ROBBINS, for appellee.

GARY, J.  October 21, 1888, William C. Clark, a boy between ten and eleven years old, attempted to cross the track of the appellant's road, and as is alleged, his foot was caught in a frog and a locomotive that was backing on the track, killed him. The place was not a street crossing, and possession of the track by the appellant is presumptive evidence that it was upon its own property. Herbert v. Herbert, Breese, 354.

The youth of the deceased might be a matter for consideration upon the question of whether he was negligent, but it adds nothing to the duty of the appellant. It is not under greater obligation to anticipate the presence of children upon its tracks, than of adults. C. & W. I. R. R. Co. v. Roath, 35 Ill. App. 349.

There is some evidence that the people of the neighborhood frequently crossed the tracks at the same place. To what extent, if any, in view of the decision in Blanchard v. this company, 126 Ill. 416, and cases there cited, such use of their tracks imposes any duty to make the crossing safe, either by filling the frog, or watching for the people, is a question which this record does not require us to consider, and it is therefore left untouched.

The court instructed the jury, among other instructions, as follows:

"The court instructs the jury, that if they believe from the evidence in this case that the engineer or person upon and in charge of the locomotive and tender which struck and killed deceased, if they believe from the evidence his death was so caused, could, by exercise of reasonable care and watchfulness, have seen deceased in time to have stopped. said engine and avoided the injury without danger to themselves or train, then the railway company is liable for the want of such care and watchfulness, and the injury occasioned thereby, provided the jury also believe from the evidence that deceased was, at the time, exercising all reasonable care and caution for his personal safety."

The undisputed fact is that the place was not a highway. The instruction has in it no reference to the use of it as a

crossing, if that would make any difference. It imposes upon railroads, if it is good law, the duty of constant watchfulness over any track upon which a locomotive is running, and if anybody is seen upon that track, to stop and wait for him or her to get off. Such a doctrine can not be defended.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*