Chicago, Rock Island and Pacific Railway Company v. John Bednorz, Administrator of Sven Theodore Swanson.

1. RAILROADS—*When Not Liable for Failure to Carry Lights, as Required by Ordinance.*—A train of cars was moving along its track in the night in a populous city, in violation of an ordinance requiring it to carry a brilliant and conspicuous light on the forward end. An accident happened, but which was in no wise occasioned by the absence of the light. *It was held* that the company was not liable because of its failure to comply with the provisions of the ordinance.

2. SAME—*Injuries to Trespassers.*—The liability of railroad companies for injuries to trespassers upon their right of way is confined to such injuries as are willfully, intentionally or wantonly inflicted.

3. SAME—*Street Crossings—Rights.*—A footman has as much right to be on the street at a street crossing as a railroad company has to be there with its cars.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Submitted at the October term, 1894. Reversed and remanded. Opinion filed January 10, 1895.

ROBERT MATTER, W. H. STEAD and HENRY S. WALDRON, attorneys for appellant.

JAMES A. PETERSON, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The appellee sues, and has recovered a judgment, as administrator of Sven Theodore Swanson, who was killed by a tender of a locomotive backing northward at a point on the appellant's right of way some sixty or more feet north of Thirty-first street in the city of Chicago. There is little, if any, doubt as to the circumstances. The time was about eight o'clock P. M. of August 23, 1890. The tracks there crossing the street were six in number, running north and south. On the track next to the east track, and blocking Thirty-first street, and extending north of it sixty or more feet, was a train. A gate, a wooden bar, was down across

the north sidewalk of the street, as were others across the roadway and the south sidewalk.

The deceased came from the east on the north sidewalk, went under the bar, ran north on the right of way of the appellant, around the standing train, and upon the next track, immediately before the tender which killed him.

The only possible negligence imputable to the appellant is as to a light upon the tender under an ordinance which requires engines running in the night time to carry a brilliant and conspicuous light on the forward end. If there was any negligence in that regard the narrative of the accident, as the witnesses of the appellee give it, is conclusive that lights, or no lights, had nothing to do with it; that the deceased ran heedlessly upon the track, so closely in front of the tender that nothing could be done, even by himself, to prevent, or escape from, the tragic result.

So long as railways cross the streets upon the same level, temporary stoppages of the use of the streets at the crossings are inevitable, and are recognized by law as such; the inconveniences resulting being regarded as more than counterbalanced by the general usefulness of railways. The fact, therefore, that the crossing was so temporarily blocked, does not affect or extend the liability of the appellant for an accident happening upon its right of way; and that liability, as to trespassers, is only for injuries " willfully, intentionally, or wantonly " inflicted. Lake Shore & Michigan Southern Ry. Co. v. Blanchard, 15 Ill. App. 582; S. C., 126 Ill. 416. In accord with that case are others cited in it.

Penn. Co. v. Conlan, 101 Ill. 93, quoted from at length, and relied upon by the appellee, is not pertinent here. The court assumed that Conlan was lawfully upon the track, and the comment upon the former duty of that court, is now descriptive of the present duty of this court.

We need not discuss the question of lights, whether the lanterns carried were a compliance with the ordinance. If they were insufficient, such insufficiency was no evidence of willful, intentional or wanton injury; not so tending, so much as the speed, where persons were in the habit, as the

company knew, of walking along the track in Illinois Central R. R. v. Hetherington, 83 Ill. 510.   And as before said, the sufficiency or insufficiency, presence or absence, of lights, had nothing to do with the happening of the accident.

The rule of law applicable to street crossings, that the footman has as much right to be upon the street as the railroad company has to be there with its cars (Lake Shore & Michigan Southern Ry. v. Johnson, 135 Ill. 641), has no application to the company's own grounds.

The evidence entitled the appellant to the instruction which it asked, that the jury " find the defendant not guilty." Sack v. Dolese, 137 Ill. 129.

The judgment is reversed and the cause remanded.