# CASES

# APPELLATE COURTS OF ILLINOIS

## First District—March Term, 1899.

86 535
890 149

## Martin Jelinski v. The Belt Ry. Co. et al.

1. RAILROADS—*Duty Toward Trespassers.*—Toward a trespasser using the yards or tracks of a railroad company for foot passage, and without an invitation to do so, the company is under no obligation of care and caution in the movement of its trains, and can not be charged with liability except in case of willful or wanton negligence.

2. SAME—*Use of Tracks by Assent or Invitation.*—If the place at which a person is injured in passing over a railroad track is not a public street, but has been so far used by the public as to show an invitation or assent by the company to such use, the rule as to trespassers has not been applied, but railroad companies have been held obligated to the exercise of care in the movement of their trains in relation to such ways and the people.

3. SAME—*Who are Trespassers.*—A right of way of a railroad company is the exclusive property of such company, upon which no unauthorized person has the right to be, and one who travels upon such right of way, as a foot-way, and not for any business with the railroad, is a wrongdoer and a trespasser; and the mere acquiescence of the company in such user does not give right to so use it, or create any obligation for his especial protection.

4. SAME—*Effect of Permission to Pass over Tracks.*—A mere naked license or permission to enter or pass over an estate will not create a duty or impose an obligation on the part of the owner to provide against the danger of accident.

5. SAME—*Running Trains at a Greater Rate of Speed than Allowed by Ordinance.*—The fact that a railroad company is running its train at a greater rate of speed than allowed by ordinance does not relieve persons from the exercise of ordinary care, nor can the speed of the train

(535)

alone be regarded as furnishing a sufficient reason for holding that an injury was willful or wanton.

**Action in Case.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed January 18, 1900.

**Statement.**—Appellant brought this suit to recover for personal injuries sustained, it is alleged, through negligence of appellee. Appellant resided on the West Side of the city of Chicago. At the time of the injury in question he was attempting to go from the South Side of the city to his home upon the West Side. He started from a point on Twenty-first street. It was necessary to cross the Chicago river in order to reach his home. There were bridges for team and foot transit upon Twenty-second street south, and upon Sixteenth street north. There was also a railroad bridge, known as the Pennsylvania bridge, which crossed the river between these two public bridges. It was a private bridge, but could be crossed by foot passengers. Appellant determined to cross the river by way of the Pennsylvania railroad bridge. To reach this bridge he went to Twentieth street and proceeded west upon Twentieth street to its western end, where it abuts the railroad yards used by appellee. The entrance upon the Pennsylvania bridge was almost directly west of this western terminus of Twentieth street. There was no street, team-way or foot-path from the end of Twentieth street to the railroad bridge. But there was a drive-way for teams, partially planked and graveled, which proceeded from the western terminus of Twentieth street to an elevator, located in the yards and northwesterly from the end of Twentieth street, and the evidence discloses that such drive-way was also used by foot passengers in going to and from the elevator. Appellant proceeded westerly from the terminus of. Twentieth street across the tracks, and upon this drive-way toward the elevator. It does not definitely appear from the evidence why he abandoned a straight course to the west toward the bridge and deflected to the northwest toward the elevator,

except it was for the purpose of getting around a train which stood north and south across his course. He had no business at the elevator, was not going there, and used the road to the elevator merely on his way to the railroad bridge. While attempting to pass around the northern end of the train of appellee, which stood across his course, the train was backed, without warning of its approach, and ran over and injured appellant. There was evidence tending to show that the train was started without the ringing of a bell or blowing of a whistle, and contrary to the statute in that regard. Appellant was accompanied by one person. There was no evidence to show that, at the time he was injured, there were any number of persons passing through the yards, to or from the elevator, or elsewhere, or that there were any other circumstances requiring unusual caution on the part of appellee in moving its trains through its yards.

Upon the trial the court, at the close of the evidence presented by appellant, directed a verdict of not guilty. From judgment upon such verdict this appeal is prosecuted.

EDWARD MAHER and J. V. O'DONNELL, attorneys for appellant.

EDGAR A. BANCROFT, attorney for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The only question presented upon this appeal is as to whether the court erred in peremptorily directing a verdict of not guilty.

It is contended by counsel for appellant, first, that appellant was upon a public way, crossing the tracks of appellee, viz., the wagon track to the elevator; that he was rightfully there; that such public way was used by the public with consent of appellee, and that therefore the appellant was not a trespasser; and that the appellee owed him duty in exercise of ordinary care to avoid injuring him

while he was thus using such public way. It is contended, secondly, that the negligence of appellee in starting its train, without the warning required by the statute, was such willful and wanton negligence as would render it liable even to a trespasser thereby injured.

In deciding the first question, it is necessary to determine whether the appellant was in such use of the passage-way over the tracks as to be entitled to claim that appellee owed a duty of care toward him.

There is a long line of decisions of this State which hold that, as toward a trespasser using the yards or tracks of a railroad company for foot passage, and without invitation thereto, the railroad company is under no obligation of care and caution in the movement of its trains, and can not be charged with liability except in case of willful or wanton negligence. I. C. R. R. Co. v. Godfrey, 71 Ill. 500; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; L. S. & M. S. R. R. Co. v. Hart, 87 Ill. 529; Blanchard v. L. S. & M. S. R. R. Co., 126 Ill. 416; I. C. R. R. Co. v. Noble, 142 Ill. 578; The Wabash R. R. Co. v. Jones, 163 Ill. 167; L. S. & M. S. R. R. Co. v. Clark, 41 Ill. App. 343; C., R. I. & P. R. R. Co. v. Bednorz, 57 Ill. App. 309.

There are other cases in which it has been held that the place at which the person injured in passing over or upon the railroad tracks, though not a public street, yet was so far used by the public in crossing the tracks or yards of the railroad company as to show an invitation or assent by the company to such use, and in such case the rule as to trespassing has not been applied, but on the contrary the company has been held obligated to the exercise of care in the movement of its trains in relation to such passage-ways and the people using them. P., Ft. W. & C. Ry. Co. v. Callaghan, 157 Ill. 406; C. & A. R. R. Co. v. O'Neil, 172 Ill. 527; C., B. & Q. R. R. Co. v. Murowski, 179 Ill. 77; The same rule is adopted in other jurisdictions. Swift v. S. I. R. T. R. R. Co., 123 N. Y. 645; Taylor v. D. & H. C. Co., 113 Pa. St. 162; Roth v. Union Depot Co., 43 Pac. Rep. 641.

The Supreme Courts of Maryland and Massachusetts repudiate this doctrine as applied by the New York court, and limit its application to an invitation, express or implied, by the company to use its property. B. & O. R. R. Co. v. State, 62 Md. 479; Chenery v. Fitchburg R. R. Co., 160 Mass. 211.

The decisions in these cases are based upon a well defined distinction between mere passive license by failure to prevent use, which would leave the person using the property a bare licensee, and an express or implied invitation to use, which would create obligation and duty on the part of the owner thus inviting use. The Maryland case cites with approval and relies upon the Illinois case of I. C. R. R. Co. v. Godfrey, *supra*, and says:

" A right of way of a railroad company is the exclusive property of such company, upon which no unauthorized person has the right to be, and any one who travels upon such right of way, as a foot-way, and not for any business with the railroad, is a wrongdoer and trespasser; and the mere acquiescence of the railroad company in such user does not give the right to use it, or create any obligation for especial protection."

We are inclined to think that these cases present the true rule, which is wholly in accord with the decision in the Godfrey case, so frequently cited by our Supreme Court with approval, and that this rule is not in substantial conflict with any of the later decisions of that court.

If the appellant, when injured, had been upon the team track in question, upon his way to or from the elevator, or had been using the passage-way for any business purpose, to which use he was invited by the company, we think that the doctrine announced would govern, and that a finding by a jury would then have been proper to the effect that the facts were such as to create a duty and obligation to exercise ordinary care upon the part of appellee in its relation to appellant. But the difficulty is in applying the rule of the Murowski case, and others, *supra*, to the facts of this case; that here appellant has shown by his own testimony that he was not using the passage-way to the elevator for

the purpose of any business at the elevator or with the railroad company. It is undisputed that appellant was crossing the railroad yard to reach the railroad bridge in order to get across the river, and for no other purpose. It is also clear that there was no path, team-track or other passageway over the railroad tracks to the bridge. In so crossing the railroad tracks to reach the bridge, appellant was beyond any question a trespasser upon the yards used by appellee. But in the course of his progress he reached a train standing across his course, and because of this, or for some other reason, he turned out of his course toward the bridge, which was westerly, and proceeded in a northwesterly direction upon the passage-way toward the elevator. While upon the passage-way for this purpose only, he was injured. The question presented by these conditions is as to whether he was then a trespasser, as he was when proceeding across the tracks toward the bridge, or had become a licensee by invitation of the company merely because he had thus made such temporary use of the passage-way in his progress toward the railroad bridge. We think it clear upon principle that he was still a trespasser, and that the company owed him no duty. In the Murowski case it appeared that the passage-way upon which the plaintiff in that case was injured, although over the private property of the defendant company, had been devoted to the use of the public, or that the employes of an adjacent manufactory, and those who congregated at the factory for the purpose of securing employment, " had been licensed by the defendant company to pass over and be upon the property " where the injury was received. It also appeared that the plaintiff there at the time of the injury had gone upon the passage-way for the purpose of getting employment at the factory, and that he was standing upon the passage-way in front of the gate of the factory when struck by an engine and injured. The court held that under those circumstances it was a question of fact for a jury as to " whether the plaintiff was a trespasser or whether he was rightfully on defendant's property. at the time he was injured."

If it appeared in the case under consideration that appellant at the time when he was injured was upon the private property of appellee, *i. e.*, these railroad yards, occupied by appellee's track, for the purpose of going to or from the elevator, then we would hold that under the rule announced in the Murowski case, the question as to whether he was a trespasser would be a question for the jury. For there is evidence in the record tending to show that the passage-way here in question was used by persons for access to the elevator by invitation of the appellee. But there is no evidence whatever that there was any passage-way at all from the western terminus of Twentieth street to the railroad bridge, or that any part of the public used the railroad yards for the purpose of reaching that bridge. It is undisputed that appellant was using the yards for a foot-path to reach the railroad bridge, and for that purpose only. Therefore we are led to conclude that the facts of this case bring it within the rule announced in Blanchard v. L. S. & M. S. Ry. Co., *supra*. In that case the court said:

" It is clear that under the doctrine laid down by this court in I. C. R. R. Co. v. Godfrey, 71 Ill. 500, and I. C. R. R. Co. v. Hetherington, 83 Ill. 510, the deceased was a trespasser upon the right of way of the railroad company. He was walking along the railroad track, or trying to cross the tracks in a diagonal direction, at a point where there was no regular street crossing and where foot passengers could not properly go. He was not traveling upon any business connected with the railroad.    *    *    *    He was walking on the tracks,    *    *    *    using them for his own convenience in going to his home to get his dinner."

In the Godfrey case referred to the court said:

" The plaintiff was traveling upon defendant's right of way    *    *    *    for his own convenience.    *    *    *    There was nothing to exempt him from the character of a wrong-doer and trespasser in so doing, further than the supposed implied assent of the company, arising from their non-interference with a previous like practice by individuals. But, because the company did not see fit to enforce its rights and keep people off its premises, no right of way over its ground was thereby acquired.    *    *    *    A mere naked license or permission to enter or pass over an estate will not create a

duty or impose an obligation on the part of the owner to provide against the danger of accident."

This announcement is cited with approval in the Hetherington case, the Blanchard case, and the Jones case, *supra*.

It follows that the further rule applies, as announced in Wabash Co. v. Jones, *supra*, wherein the court said:

"The doctrine announced in these decisions, that where the persons or animals exposed to injury are mere trespassers, the duty to exercise care arises only upon discovery of their presence on the railway, seems to be strictly in accordance with the general current of authority."

There remains to be considered the second point raised, viz., that it should have been left to the jury to determine if the negligence of the appellee was willful or wanton. But this case did not proceed upon any such theory. The appellant does not count upon such degree of negligence in his pleading, and the evidence does not prove or tend to prove it. There is no evidence that the servants of appellee were aware of the presence of appellant upon the track. There is no evidence that at the time of the injury there were any number of people about the yards and upon this passage-way, or that it was a time of the day when passage to or from the elevator was frequent. There is absolutely nothing in the evidence upon which wanton or willful negligence could be predicated, save the fact that the train was moved without ringing a bell or blowing a whistle, and hence in contravention of the requirement of the statute. We think that this was not of itself sufficient. In the Blanchard case, *supra*, the court said:

"The plaintiff in this case has not shown that the conduct of the defendant or its servants was wanton or willful. The proof tends to show that the engine was moving at a rate of speed greater than that permitted by the city ordinance. This circumstance might well have been considered by the jury in determining whether the defendant was guilty of such negligence as caused the death of the deceased, if the latter had been lawfully upon the track, or had been otherwise in the exercise of ordinary care. But in the Hetherington case the following language was used: 'While it is true the railroad company was running its train

at a greater rate of speed than allowed by the ordinances of the city of Chicago, yet that fact did not relieve the deceased from the exercise of ordinary care, nor can the speed of the train alone be regarded as furnishing a sufficient reason for holding that the injury was willful or wanton.'"

We are of opinion that if this case had been submitted to the jury, no verdict for the appellant could have been returned which would have been supported by evidence. The court, therefore, did not err in peremptorily directing a verdict for appellee.

The judgment is affirmed.