## Frank T. Kinnare, Admr., v. Chicago & Northwestern Railway Company.

### Gen. No. 11,316.

1. RAILROAD PREMISES—*when trespasser upon, cannot recover for personal injuries.* Where a trespasser is injured while upon the private right of way of a railroad company, he cannot recover unless the injury to him was wilfully and wantonly inflicted; neither a failure to fence such right of way nor an omission to keep a lookout upon cars nor to ring an engine bell will confer a right of action upon one who has gone upon such premises as a mere intruder, for his own pleasure, and, in fact, trains may be made up by the company and run therein without reference to the presence of such a person, unless the servants of the company know that he is in a place of danger and wilfully or wantonly injure him; and this rule applies to a child of seven years and ten months.

2. MINOR—*degree of care to be exercised by.* A child of seven years is bound to use that degree of care for his own safety as would ordinarily be used by a child of his own age, intelligence and experience.

3. ADDITIONAL COUNT—*when refusal of leave to file, cannot be urged as error.* In the absence of an exception, such a ruling cannot be urged as error.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of Cook County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed May 26, 1904.

**Statement by the Court.** East of State street and between Illinois and North Water streets, in the city of Chicago, the defendant has switching tracks lying in a long curved lot known as No. 10 in the Chicago Dock & Canal Company subdivision. In May, 1898, the owner of the fee of this lot conveyed to the defendant the perpetual right, license and privilege of constructing and maintaining a railroad track thereon, conditioned that if the defendant removed its track and abandoned the premises its rights should cease. To the north and east and southeast of the place of accident are warehouses, factories and dock buildings. To the south and west of the same point are open spaces. The track lies upon the surface in a reverse curve from the northeast to the southwest. The lot is unfenced, and it and the open spaces are crossed here and there by planking, over which teams are driven and along which pedestrians pass to and fro. These open spaces are also used by the boys residing in that vicinity for playgrounds. The accident happened at a point where there was no planking. August 17, 1900, plaintiff's intestate, a boy aged seven years and ten months, and a little friend, were playing on a sand pile some distance north of this track. They had been there about one hour before the deceased was hurt. Just west of where the accident happened stood a detached freight car. To the east four or five other cars were standing. The space between the single car and the others was from three to eight feet. To the northeast a switch engine was working. None of the servants of the defendant knew that the deceased was on the track. Counsel for plaintiff say : " The place of injury was on a curve where a person wishing to cross the tracks could not be seen by the trainmen, and where the engine could not be seen from the place of accident." The engine picked up four cars and sent them southwest by a flying switch. A brakeman was on the west end of the west car managing the handbrake. The evidence tends to show that when the moving cars struck the standing cars the former were not going faster than a man can walk. The standing cars were pushed so

as to close up the interval between them and the single car, and then on until the westerly wheel of the westerly car passed over that interval, when all the cars came to a stop. The deceased was run over by that wheel, and so seriously injured that he died the next morning. His companion says that deceased saw a barrel stave lying across the track, and saying, " There is a fine stick," started south in that direction. The other boy went west in search of another stick. While thus engaged he heard a scream and saw deceased under the wheels. There was a puddle of water between the rails at the place of the accident. The evidence tends strongly to prove that at the time he was injured the deceased was playing boat with a stick in that puddle.

At the close of all the evidence the jury, under the instructions of the court, returned a verdict for the defendant. From the judgment entered upon that verdict this writ of error is prosecuted.

FRANCIS T. COLBY and ORLANDO W. KEATLEY, for plaintiff in error.

A. W. PULVER, for defendant in error; S. A. LYNDE and LLOYD W. BOWERS, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

The judgment in this case is in accord with the law. The place where the deceased received his injuries was private and not public. It was the exclusive property of the defendant. The railway company held the premises in perpetuity, subject to a condition of defeasance, which condition is common to all railway rights of way, namely, the right to hold and to use the property for railway purposes only.

The defendant was not bound to fence this right of way so as to exclude trespassers. He who goes upon such premises as a mere intruder, or for his own pleasure, takes them as he finds them, with all the dangers that attend their use for railway purposes. Trains may be made up and run without reference to his presence, unless the serv-

ants of the company in charge of the train know that he is in a place of danger. The company is not bound to keep a lookout lest a trespasser or mere licensee be on its track in front of its advancing cars. Its duty is done when its servants refrain from injuring such person wantonly or intentionally. The failure to ring the engine bell, if that was the fact, is not a sufficient reason for holding that the injury was inflicted wilfully or wantonly.

It is here shown that the deceased was on the track for his own amusement. He was using it as a playground. It is true that the deceased was a child, but he had reached an age when it was his duty to use some care for his personal safety, namely, that care which would ordinarily be used by one of his age, intelligence and experience.

The cars were moved in the usual manner, without great speed, and without the use of excessive force. The brakeman was in his place controlling the motion of the advancing cars.

In Ill. Cent. R. R. Co. v. Eicher, 202 Ill. 556, the deceased was killed while walking in a cinder path between two tracks on an unfenced right of way. He was struck by a train that was running at a higher rate of speed than was permitted by the ordinance. This path was much used by pedestrians for business and for pleasure. The Supreme Court say : " A railroad company owes no duty to a person walking along its track without its invitation, either express or implied, except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril; and it makes no difference in that respect whether he is a trespasser, a mere licensee, or one who is on the tracks by mere sufferance, without objection of the company." The court also held that the fact the speed of the train was at a prohibited rate constituted negligence merely, which would not justify a recovery. Other cases in Illinois sustaining the propositions herein set forth are : I. C. R. R. Co. v. Godfrey, 71 Ill. 500; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; L. S. & M. S. Ry. Co. v. Hart, 87 Ill. 529;

Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; Roden v. C. & G. T. Ry. Co., 133 Ill. 72; L. S. & M. S. Ry. Co. v. Bodemer, 139 Ill. 596; I. C. R. R. Co. v. Noble, 142 Ill. 578; Wabash R. R. Co. v. Jones, 163 Ill. 167; L. S. & M. S. Ry. Co. v. Clark, 41 Ill. App. 343; Smith v. C. & E. I. Ry. Co., 99 Ill. App. 296; and N. W. El. Ry. Co. v. O'Malley, 107 Ill. App. 599.

Whether or not the court erred in refusing the request of the plaintiff, made during the progress of the trial, to file a second additional count to the declaration, need not here be considered for two reasons : first, no exception was preserved to such ruling; and, second, upon the whole evidence the jury upon any state of the pleadings would not have been justified in finding a verdict for the plaintiff.

However much we may be moved by sympathy, we cannot permit that feeling to blind us to the fact that there is nothing in this record from which wilful or wanton negligence upon the part of the defendant can be presumed, or which would sustain a verdict to that effect; and therefore the defendant cannot be called upon to respond in damages in the present action.

The judgment of the Circuit Court is affirmed.

*Affirmed.*