**Oscar Miles, Appellee, v. American Steel Foundries, Appellant.**

filed November 8, 1939.

WHEELER, OEHMKE & DUNHAM, of East St. Louis, for appellant; E. FRED GEROLD, JR., of East St. Louis, of counsel.

MC GLYNN & MC GLYNN, of East St. Louis, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This suit is predicated upon an amended complaint of three counts and three additional counts numbered 4, 5 and 6. The first count alleges that defendant was operating a locomotive engine and train of cars across Broadway in the city of East St. Louis; that plaintiff was driving his automobile eastward on said Broadway near its intersection with Twentieth street about 12:30 in the morning and was using due care and caution for his safety; that said cars were low built cars, three feet high above the ground and were not easily discernible or visible; that their presence could not be ascertained by plaintiff until he was within eight feet of them; that Broadway is one of the principal streets in East St. Louis and is heavily traveled by automobile vehicles, of all of which defendant had knowledge; that defendant shoved its train of cars into said avenue so that it constituted an obstruction across said street; that plaintiff, driving his automobile in an easterly direction on said street was unable to ascertain or discover the presence of the railroad cars until within eight feet of them; that he was unable to bring his automobile to a stop before it ran against them. The count alleges a

collision between his car and the railroad cars and damages to the plaintiff.

The second count alleges that defendant had shoved its railroad cars into Broadway and that they failed to give any warning or notice of the movement of the train upon and across said street, and of the obstruction thereof. The count alleges practically the same as to the inability of plaintiff to see the car;—the collision and damages.

Count three alleges that defendant had shoved its train of cars into Broadway so that they constituted an obstruction across the street; that while so obstructing said avenue defendant failed to ring a bell or blow a whistle or use any other means to warn plaintiff of said obstruction. This count contains substantially the same allegations as to the inability of plaintiff to ascertain or discover the presence of the railroad cars until within eight feet of the track, collision and damages.

Defendant answered these counts by admitting certain of the facts, like the control and management of the train, the low built cars and so forth; but denies that the cars were not easily discernible or that their presence could not be ascertained by plaintiff until within eight feet thereof, and avers that the cars were visible for a great distance. It admits that on the day of the accident its engine was pushing cars into its plant across the street so that the cars temporarily obstructed traffic thereon; denies that the plaintiff in the exercise of ordinary care was unable to discover the presence of the railroad cars on said crossing as alleged.

As to the second count defendant denies plaintiff was in the exercise of due care for his own safety; that he was unable to discover the presence of the train, and so forth; admits the collision.

Answering the third count defendant denies that it failed to ring a bell or blow a whistle, or in the alternative it avers that the omission of both or either of said

signals was not the proximate cause of the collision, and denies negligence, and alleges a failure of due care on part of the plaintiff.

Of the additional counts, count four alleges the statute of the State of Illinois providing that every railroad have a bell of at least 30 pounds weight and a steam whistle on each locomotive, causing the same to be rung or whistled at least 80 rods from the place where the railroad crosses any public highway, the same to be kept ringing and so forth. It then alleges that defendant wilfully, wantonly and negligently in violation of the said statute failed to blow a whistle or ring a bell before entering upon the crossing and so forth, and that as a proximate result thereof plaintiff was injured.

Count five alleges that the defendant wilfully, wantonly and negligently caused its train of low built cars to be shoved onto said street and wilfully and wantonly and negligently to obstruct said street and that because thereof plaintiff was injured.

Count six alleges defendant wilfully, wantonly and negligently caused its train of low built cars to be shoved into Broadway and wilfully and wantonly and negligently to obstruct said street; that when plaintiff was within eight feet of the train defendant wilfully, wantonly and negligently caused the train of cars suddenly to be moved across the said street and because thereof the collision.

Defendant filed its amended motion to dismiss the additional counts alleging that the counts failed to state a cause of action; failed to allege any facts showing the existence of a duty on defendant's part to the plaintiff at the time and place of the accident; that the counts were duplicitous in that both wilful and wanton misconduct and negligence alleged in each failed to show whether predicated on negligence or wilful and wanton misconduct; that the count consisted almost entirely of conclusions of the pleader; that they failed to

set forth sufficient facts to sustain a count predicated upon wilful and wanton misconduct and that the statute invoked was inapplicable. This motion was denied and defendant excepted.

Thereafter, answering count four defendant admitted the existence of the statute, but denied the application of the statute to the conditions existing at the time of the accident; denied the defendant wilfully, wantonly and negligently failed to blow a whistle or ring a bell and denied any wilful misconduct.

As to count five defendant denied that it wilfully and wantonly caused its train of cars to be shoved into the street; denied that it wilfully and wantonly obstructed the street and denied that any damage to plaintiff was the result of wilful or wanton misconduct on its part.

Count six was met by certain denials on material facts by the defendant, and as a further alternative defense to all additional counts the defendant averred that if it could be said to be guilty of wilful and wanton misconduct in the premises that plaintiff was also guilty of wilful and wanton misconduct which contributed as the proximate cause of his injuries, stating specifically wherein plaintiff was guilty of such wanton misconduct.

Plaintiff filed his replication to defendant's answer to the additional counts and denied wilful and wanton conduct.

The law that one cannot recover for driving his automobile into a train standing across a crossing, except under extraordinary or unusual circumstances is so well settled in this country, and particularly in this State, that it would seem to admit of little or no further exposition. There were no such circumstances in this case. The plaintiff was driving east on Broadway over a road that he had traveled before and knew. He came to two lines of the Southern Railroad. They were marked by a very large arm and sign. Around them there were lights. The west track of defendant was

just a short distance, measured in feet, on east of this railroad and it also bore a sign that there was a railroad. There were lights in three different spots in and around the two railroad tracks, one large light almost directly over the crossing where the collision in this case occurred. The engine was facing the cars that were across the street with a large headlight burning, throwing its light down on the cars which stood across the track. The night was not unusual. There was no fog or mist or anything of the kind to deter the plaintiff from seeing if he had looked. He had his bright lights on. In addition to the light which must have been sufficient for any reasonable person to have seen the train there was the train itself across the track, a positive warning to plaintiff that he could not proceed. Certainly plaintiff could not recover under the first three counts of his complaint which allege ordinary negligence on the part of defendant, and due care on the part of himself. (*Cash v. New York Cent. R. Co.,* 294 Ill. App. 389; *Overstreet v. Illinois Power & Light Corp.,* 356 Ill. 378; *Coleman v. Chicago, B. & Q. R. Co.,* 287 Ill. App. 483; *Scruggs v. Baltimore & O. R. Co.,* 287 Ill. App. 310; *Northern Pac. Ry. Co. v. Bacon,* 91 F. (2d) 173.)

As to the first of the additional counts, which is numbered four, plaintiff has undertaken to show that because there was no whistle blown and bell rung in accordance with the statute in proper cases, that there was an act of wilful and wanton negligence on the part of the defendant. This statute is wholly inapplicable to a condition such as existed in this case, and even if it were applicable our Supreme Court held in *Provenzano v. Illinois Cent. R. Co.,* 357 Ill. 192 that even in a case where the statute is applicable failure to ring the bell or blow the whistle would be nothing more than an act of negligence. The defendant kept this train of cars in question across this crossing only about three minutes altogether, as shown by the evidence. This

could not be said to be an unreasonable time, even if there had been an allegation in the counts that it was kept there for an unreasonable time.

In 52 Corpus Juris 189, sec. 1721, it is said, "So in general a railroad company has the right to stop its train or leave its cars at a public crossing at a reasonable time and for a proper purpose. It is not chargeable with negligence for so doing and is not liable for injuries caused by such obstruction," and in *Chicago, R. I. & P. R. Co. v. Bednorz,* 57 Ill. App. 309, the court said at page 310, "So long as railways cross streets upon the same level, temporary stoppages of the use of the streets at the crossings are inevitable and are recognized by law as such. The fact, therefore, that the crossing was so temporarily blocked does not affect or extend the liability of the appellant railroad for an accident happening upon its right of way."

The conduct of defendant under the circumstances detailed in this record was not negligence. Certainly it was not wilful and wanton conduct on its part.

The trial court erred in not taking this case from the jury and by reason of such error this judgment is reversed. This case is remanded to the city court of East St. Louis with instructions to that court to render judgment against the plaintiff for costs notwithstanding the verdict.

*Reversed and remanded with directions.*