## The Illinois Central Railroad Company

*v.*

## Peter J. O'Connor.

*Opinion filed February 20, 1901—Rehearing denied April 15, 1901.*

1. Negligence—*what must be shown in an action for negligence.* In order to maintain an action for injury by reason of negligence, there must be shown to exist some obligation or duty towards the plaintiff which the defendant has left undischarged or unfulfilled.

2. Railroads—*railroad company owes no duty to trespassers.* In the operation of its trains a railroad company owes no duty to a trespasser upon its right of way or tracks, except that it will not wantonly or willfully injure him.

3. Same—*what does not show a willful disregard of duty.* The fact that signals required by statutes or ordinances are not given, even though those operating trains may have knowledge that persons have been in the habit of crossing its tracks or walking upon them at places other than public places or public crossings, does not establish wanton or willful disregard of duty by a railroad company toward such persons.

*Illinois Central Railroad Co.* v. *O'Connor,* 90 Ill. App. 142, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Elbridge G. Hanecy, Judge, presiding.

W. A. Howett, (J. G. Drennan, of counsel,) for appellant:

The plaintiff was a trespasser, and there could be no recovery except for wanton or willful negligence. *Railroad Co.* v. *Jones,* 163 Ill. 167; *Railroad Co.* v. *Brooks,* 81 id. 245; *Railroad Co.* v. *Mehlsack,* 131 id. 61; 3 Elliott on Railroads, sec. 1255; *Railroad Co.* v. *Kingsley,* 177 id. 561.

The violation of a city ordinance by a railroad company as to excessive speed or the ringing of a bell is not evidence of willful negligence. *Railroad Co.* v. *Hetherington,* 83 Ill. 510; *Blanchard* v. *Railway Co.* 126 id. 416; *Railway Co.* v. *Ward,* 62 Ill. App. 385; *Railroad Co.* v. *Ashline,* 171 Ill. 319.

Admitting all the facts alleged by the plaintiff in this case to be true as to speed and signals, yet the operation by defendant's servants of this train, switching in its own yards upon enclosed tracks, where the public was not permitted, would not constitute willful or wanton negligence, within the meaning of the law. No well considered case in this State can be found where a railroad company was held liable for willful negligence where the peril of the party was not seen, unless the person was injured at "a public street" or "an open place" or "a public place open to the public." *Railroad Co.* v. *Baches*, 55 Ill. 379; *Railroad Co.* v. *Bodemer*, 139 id. 596; *Railroad Co.* v. *O'Hara*, 150 id. 580; *Railroad Co.* v. *O'Neill*, 172 id. 527; *Railroad Co.* v. *Murowski*, 179 id. 77.

Where an instruction is given or asked at the close of plaintiff's testimony, instructing the jury to return a verdict at that stage of the case, the only question raised by the instruction, and the only one which can be considered by this court, is whether or not there was at that time evidence which tended to prove the averments of plaintiff's declaration. *Foster* v. *Wadsworth-Howland Co.* 168 Ill. 517, and authorities there cited; *Railway Co.* v. *Jenkins*, 174 id. 408.

One alleging wanton injury cannot recover on proof of mere negligence. *Railroad Co.* v. *Kingsley*, 177 Ill. 558.

James C. McShane, for appellee:

Whether the defendant was guilty of willful or wanton conduct or gross negligence is purely a question of fact for the jury to determine from all the evidence introduced by the respective parties bearing upon that point in the case, and it is not the province of the court to inform the jury that some particular fact in the case was conclusive on that question. *Railroad Co.* v. *Murowski*, 179 Ill. 79.

It is a question for the jury to determine whether the act was willful or merely negligent, and not a point of

law to be ruled upon by the court. Shearman & Redfield on Negligence, (4th ed.) sec. 6; *Catlett* v. *Young*, 143 Ill. 74.

Contributory negligence, such as that of a trespasser upon a railroad track, cannot be relied upon in any case where the action of the defendant is wanton, willful or reckless in the premises, and injury ensues as a result. *Bowmeseir* v. *Railroad Co.* 63 Mich. 557; *Railroad Co.* v. *Denson*, 84 Ga. 774; *Railway Co.* v. *Bodemer*, 139 Ill. 596; *Railroad Co.* v. *Beard*, 49 Ill. App. 245.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county, in favor of appellee and against appellant. The action was for a personal injury to Peter O'Connor. The declaration in some of the counts charged the defendant with wanton and willful negligence in causing the injury, and in others with mere negligence. The plea was the general issue and the trial by a jury, the verdict being for $15,000, one-half of which was voluntarily remitted by the plaintiff and judgment entered for $7500.

. At the close of plaintiff's evidence, and again at the close of all the evidence, the defendant requested the court, in writing, to instruct the jury to find for it, both of which requests were refused. In the Appellate Court several errors were assigned upon the record, all of which were overruled.

Upon this appeal but a single question is presented for our decision, and that is, whether or not the trial court erred in refusing to give the peremptory instruction to find for the defendant. The correctness of the ruling of the court in that regard of course depends upon whether or not there was any evidence introduced on behalf of the plaintiff, which, with all its legal inferences, fairly tended to establish the plaintiff's cause of action; and it is conceded that there could be no right of recov-

ery except upon proof that the alleged injury was caused by a wanton and reckless disregard of duty on the part of the employees of the defendant company,—that is, wanton and willful negligence.

The cause of action is stated in the declaration substantially as follows: That defendant owned and was operating its railroad, running north and south along the shore of Lake Michigan, in the city of Chicago, embracing a number of tracks, on which many trains were running both day and night; that Twenty-fifth street was a public highway running east and west and open to travel as far east as the tracks of the defendant, but that there was no public highway across the tracks where a person could pass from the city to the lake shore, and that the only way in which the public could reach the lake shore was by crossing such tracks on a line due east of Twenty-fifth street; that a great number of people, both daytime and evening, have been in the habit of crossing such tracks on a line east of Twenty-fifth street in order to go to and return from the lake shore, which use of the tracks was well known to and not objected to by the defendant; that section 2459 of article 51 of the ordinances of the city of Chicago provides that every locomotive engine, railroad car or train of cars running in the night time on any railroad track in said city shall have and keep a bright and conspicuous light on the forward end of such engine, car or train of cars, and if such engine or train shall be backing it shall have a conspicuous light on the rear car or engine; that another ordinance of the city provided that the bell of each locomotive engine should be rung continually while running in said city, except at certain places, (not claimed to be where this injury occurred,) and that it was the duty of the defendant, on account of said ordinances, while operating its trains, to maintain such light for persons who might be crossing the tracks at such point and to ring a bell as required, but that, disregarding such duties, and while backing a

train of cars along such tracks in the evening, after dark, the defendant willfully, wantonly, recklessly and negligently failed to keep such brilliant and conspicuous light on the forward end of such train and failed to ring said bell, and as a result thereof the plaintiff, who was a minor of the age of fourteen years, while crossing the tracks on a line due east of Twenty-fifth street, coming from the lake shore, between eight and nine o'clock in the evening, after dark, and while he was in the exercise of ordinary care and caution, was knocked down and injured by one of defendant's trains, etc.

There is no dispute in the evidence, as there could not be under this declaration, that the place of the injury was upon the defendant's right of way and not on a public street. The evidence shows that west of the railroad right of way, across the foot of Twenty-fifth street, and extending north and south, there was a stone wall separating the defendant's yards from the public streets of the city. There is no controversy as to the fact that in the summer season, during warm weather, a greater or less number of persons were in the habit, and had been for several years, of crossing the defendant's grounds from the foot of Twenty-fifth street due east to the lake for purposes of bathing, fishing, etc., and that this fact was known to the defendant and to the employees operating the train at the time of the accident. On the evening in question the plaintiff, with other boys, had gone to the lake shore, crossing the stone wall at Twenty-fifth street and the right of way of defendant, for the purpose of swimming in the lake. He attempted to return by the same route about nine o'clock at night, and when on one of the tracks of the defendant he was struck by a flat car which was being backed northward. The evidence was conflicting as to the speed at which the car was moving, and also whether the ordinances set out in the declaration, or either of them, were being observed; but the evidence tended to show that the speed of the back-

ing train was some seven or eight miles an hour, and that no lights were displayed upon the rear car, or bell rung or other warning given. There was no evidence to the effect, nor is it claimed, that any of the employees of the defendant in charge of the train saw or had actual knowledge of the fact that the boy was on the track or right of way. There is no evidence tending to show that the place at which the injury occurred was other than strictly the private grounds, track and right of way of the defendant,—that is, there was no evidence tending to show that the place was in use as a public street or that it was open to the public. In other words, it is not denied that the plaintiff was, at the time he received his injury, a trespasser upon the track of the defendant. But plaintiff seems to have rested his case upon the theory alleged in his declaration, that the fact that numerous persons were in the habit of crossing the defendant's tracks at this place, which was known to its servants operating the train, together with the fact that no lights were displayed and no bell rung, tends to prove wanton and willful negligence on the part of those employees.

It is a general rule, that in order to maintain an action for injury to person or property by reason of negligence or want of due care there must be shown to exist some obligation or duty towards the plaintiff which the defendant has left undischarged or unfulfilled. This court is committed to the doctrine that a railroad company, in the operation of its trains, owes no duty to a trespasser upon its right of way or tracks except that it will not wantonly or willfully inflict injury upon him, and we have frequently held that the mere fact that signals required by statutes and ordinances are not given, even though those operating its trains may have knowledge of the fact that persons have been in the habit of crossing its tracks or walking upon them at places other than public crossings or public places, will not amount to proof of willful and wanton disregard of duty toward such tres-

passers. We said in *Illinois Central Railroad Co.* v. *Godfrey*, 71 Ill. 500 (on p. 506): "The right of way was the exclusive property of the company, upon which no unauthorized person had a right to be for any purpose. The plaintiff was traveling upon defendant's right of way, not for any purpose of business connected with the railroad, but for his own mere convenience, as a footway, in reaching his home on return from a search after his cow. There was nothing to exempt him from the character of a wrong-doer and trespasser in so doing further than the supposed implied assent of the company, arising from their non-interference with a previous like practice by individuals. But because the company did not see fit to enforce its rights and keep people off its premises no right of way over its ground was thereby acquired. It was not bound to protect or provide safeguards for persons so using its grounds for their own convenience. The place was one of danger, and such persons went there at their own risk, and enjoyed the supposed implied license subject to its attendant perils. At the most, there was here no more than a mere passive acquiescence in this use. A mere naked license or permission to enter or pass over an es-tate will not create a duty or impose an obligation on the part of the owner to provide against the danger of ac-cident.—*Sweeny* v. *Old Colony and Newport Railway Co.* 10 Allen, 373; *Hickey* v. *Boston and Lowell Railway Co.* 14 id. 429; *Philadelphia and Reading Railroad Co.* v. *Hummel*, 44 Pa. St. 375; *Gillis* v. *Pennsylvania Railroad Co.* 59 id. 129." In *Illinois Central Railroad Co.* v. *Hetherington*, 83 Ill. 510, the foregoing language was quoted with approval; and in the still later case of *Blanchard* v. *Lake Shore and Michigan Southern Railway Co.* 126 Ill. 416, the question there being whether the trial court had properly instructed the jury to return a verdict for the defendant, the same doctrine was re-announced, and we there said (p. 424): "The plaintiff in this case has not shown that the conduct of the defendant or its servants was wanton or willful. The

proof tends to show that the engine was moving at a rate of speed greater than that permitted by the city ordinance. This circumstance might well have been considered by the jury in determining whether the defendant was guilty of such negligence as caused the death of the deceased, if the latter had been lawfully upon the track or had otherwise been in the exercise of ordinary care. But in the *Hetherington case* the following language was used: 'While it is true the railroad company was running its train at a greater rate of speed than allowed by the ordinance of the city of Chicago, yet that fact did not relieve the deceased from the exercise of ordinary care; nor can the speed of the train alone be regarded as furnishing a sufficient reason for holding that the injury was willful or wanton.'"

It is true that some courts have held that where a railroad company has for a considerable length of time permitted the public to cross its tracks at given points without objection, it owes the duty of reasonable care toward those so using the crossing. (*Taylor* v. *Delaware and Hudson Canal Co.* 113 Pa. St. 162; *Barry* v. *New York Central Railroad Co.* 92 N. Y. 289; *Byrne* v. *Railroad Co.* 104 id. 362; *Swift* v. *Staten Island R. T. R. Co.* 123 id. 645.) But as shown above, we have held, in accordance with the rule laid down by Elliott in his work on Railroads, (vol. 3, sec. 1252): "Mere sufferance or passive acquiescence in the occasional use of the track between crossings does not necessarily amount to a license, and where nothing more is shown, one who so uses the track is a trespasser." (Ibid. sec. 1248.)

There is a line of decisions by this court holding, in effect, that even though a party may be upon the defendant's tracks or right of way without an absolute right to do so, yet where the place "has been openly used jointly by the railroads and the public," and where, from the evidence, the ownership of the place is left in doubt, as in the case of *Chicago and Alton Railroad Co.* v. *O'Neil,*

127 Ill. 527; or at a place on a public street or on the "planked tracks adjacent thereto," as in *Chicago, Burlington and Quincy Railroad Co.* v. *Murowski*, 179 Ill. 77; or where the evidence tended to show that the place of the injury was in a public street of the city, as in *Lake Shore and Michigan Southern Railway Co.* v. *Bodemer*, 139 Ill. 596, the company owes to persons at such places the duty of exercising reasonable care to avoid inflicting injury upon them, and that in such cases the failure to give required signals may amount to wanton or gross negligence. But we are unable to see upon what principle the present case can be brought within the reasoning or decision in those cases. As we have before said, the plaintiff in this case was a trespasser. He was upon defendant's right of way and track, not upon any business with the defendant,—not by any right or claim of right,—but for his own convenience and pleasure. His declaration shows, and it is conceded by the evidence, that by putting himself to the inconvenience of walking a few blocks either north or south he could have crossed the tracks to the lake shore with safety.

On the decisions first above cited, we are of the opinion that there was no evidence before the jury proving or tending to prove that the defendant was guilty of gross negligence toward the plaintiff, and that the trial court erred in refusing the peremptory instruction to find for the defendant.

The judgments of the circuit and Appellate Courts will be reversed and the cause will be remanded to the circuit court, with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded.*