## Julius E. Smith, Adm'r, etc., v. Chicago & E. I. R. R. Co.

1. RAILROADS—*Duty Toward Trespassers.*—Persons who travel longitudinally along a railroad track are guilty of gross negligence, and the owner of the track is responsible only for injuries which are wantonly or willfully inflicted upon them by its servants operating trains. Neither speed ordinances nor statutes imposing the duty of ringing a bell or blowing a whistle are intended for the protection of trespassers while walking along the track, and no duty is owed them that employes while operating trains shall keep a lookout for them.

2. SAME—*Ordinances Regulating Speed Not for the Protection of Trespassers.*—Speed ordinances are not intended for the protection of trespassers, and the violation of such ordinances does not show a wanton or willful disregard of duty by the servants of a railroad company.

3. INFANTS—*Not Exempt from the Responsibilities of an Ordinary Trespasser.*—A school girl twelve years of age, while she is not to be presumed to have the judgment of an adult on many things, must know as well the dangers of walking on a railroad track.

Trespass on the Case.—Death from negligent act. Error to the Circuit Court of Vermilion County; the Hon. FERDINAND W. BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December 10, 1901.

W. H. BECKWITH and F. W. DUNDAS, attorneys for plaintiff in error.

H. M. STEELY, attorney for defendant in error; W. H. LYFORD, of counsel. .

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Plaintiff in error brought this suit to recover damages for the killing of his minor daughter, who was run over by cars on the railroad track of defendant in error.

The court sustained a demurrer to all of the six counts of an amended declaration. The plaintiff elected to stand by his amended declaration and judgment was rendered against him for costs. He brings the record here and contends that each one of the six counts correctly states a valid cause of action. From the averments therein contained, it appears that the deceased, a school girl of the age of twelve years, was run over and killed by cars of the defendant in its railroad yards within the corporate limits of the village of Sidell, Vermilion county, Illinois, and that she was killed while using the railroad track as a footway, and not at a highway or street crossing. She was at a place on the defendant's right of way where she had no right to be. She was a trespasser, to whom the railroad company owed no duty of active vigilance; its sole duty being to refrain from wantonly or willfully injuring her.

Persons who travel longitudinally along a railroad track are guilty of gross negligence; and the published reports of our Supreme Court are replete with holdings that the railroad company is responsible only for injuries which may be wantonly or willfully inflicted against them by servants operating trains. I. C. R. R. Co. v. Godfrey, 71 Ill. 500; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; L. S. & M. S. Ry. Co. v. Hart, 87 Ill. 529; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; Roden v. C. & G. T. Ry. Co., 133 Ill. 72; Wabash R. R. Co. v. Jones, 163 Ill. 167; I. C. R. R. Co. v. O'Connor, 189 Ill. 559.

Neither speed ordinances nor the statute imposing the duty to ring a bell or blow a whistle were intended for the protection of such trespassers. No such duty is owed them

that employes, operating trains, shall keep a lookout for them.

The averments of the fifth count are more in detail and more fully stated than in any other of the counts. For that reason and because it is stated that that count more truly sets forth the real facts, we shall devote this opinion chiefly to that count. In it, the plaintiff avers that on both sides of defendant's road-bed, at the point where his daughter was killed, are two public highways leading to Gray street in the village, from which point of intersection there is a sidewalk leading to the public school house; that at the time in question, the two highways were very muddy and almost impassable for school children; that the railroad bed was well covered with cinders, making a smooth and attractive walk; that for years it had for a distance of 600 or 700 feet been used as such in rainy, muddy weather by school children living in the northwestern part of the village; that it was not separated from the highways by a fence, and that it was well beaten and defined as a footway; that while deceased was on her way to school using this road-bed as a footway, and when about eighty or ninety feet from Gray street, a locomotive engine with cars attached approached from the north at the rapid rate of speed of twenty-five miles an hour; that deceased seeing and hearing the engine, stepped from between the tracks to the side; that at about the time she stepped aside defendant's servants in charge of the train cut the same into two sections and moved the forward section at a higher rate of speed, so that a gap of about 100 feet existed between the ends of the two sections; that after the former section had passed, deceased, believing that all the cars had passed, stepped again between the tracks, and, while walking there, was run over and killed by the cars in the rear section. It is further averred that there was an ordinance of the village of Sidell in force limiting the speed of trains to the rate of eight miles per hour; that the servants of the defendant operating the train, cut the same into two sections when running at the rate of twenty-five miles per

hour, when they saw the deceased walking between the rails in front of them; that they allowed the second section to proceed along the track at that rate of speed without any signal or warning, or without any brakeman or watchman stationed thereon to warn persons of its approach; wherefore, it is charged, that the deceased was run over and killed by the wanton and willful negligence of the defendant.

In our opinion, the count does not state a cause of action.   The deceased was traveling along the defendant's private road-bed for her own convenience, solely, and not for any purpose of business connected with the railroad. She was there without invitation, and the only excuse furnished for her unauthorized use of the track as a footway, was that the defendant had, by covering it with cinders, made it more attractive than a muddy. street and had suffered her and others to travel there before without interference. There was nothing to exempt her from the character of trespasser further than the implied consent arising from the failure of defendant to interfere with such unauthorized use previous to that time.   But because the defendant did not eject people from its premises, no right was thereby acquired to use the track as a footway for public travel. Its use was by sufferance, merely, which amounted to nothing more than a naked license, and imposed upon the defendant company no obligation to provide precautionary measures against accident.   Deceased was killed because she stepped in front of the rear section of the train after the forward section had passed her.   Had there been a brakeman or some other employe on that section who, after seeing her, could have stopped the cars or warned her of her peril, but failed to do either, then there would be room for the contention that her death was caused by the wanton and willful negligence of the defendant.   But no duty rested upon the defendant, as a precaution, to have an employe stationed there to warn the deceased, or any other trespasser, of danger.   I. C. R. R. Co. v. Godfrey, 71 Ill. 500; I. C. R. R. Co. v. Noble, 142 Ill. 578.

Speed ordinances are not intended for the protection of

trespassers, and the violation of the speed ordinance of the village, as averred, did not show wanton or willful disregard of duty. I. C. R. R. Co. v. Hetherington, 83 Ill. 510; Blanchard v. L. S. & M. S. Ry. Co., 186 Ill. 416; I. C. R. R. Co. v. O'Connor, 189 Ill. 559. We do not think deceased, because of her tender years, was exempt from the responsibilities of an ordinary trespasser. A school girl twelve years of age, while she can not be presumed to have the judgment of an adult on many things, must know as well as an adult the dangers of walking on a railroad track.

The first, second, third and fourth counts are similar to the fifth, although not stated with such detail. In neither of them does it appear that the servants operating the train saw the deceased in her perilous situation before being struck. The demurrer was properly sustained as to them.

The sixth count states an entirely different case. It is there averred that while the deceased was walking upon the road-bed attempting to reach a highway crossing, she was in plain sight of the servants of defendant operating a locomotive and train, and that they then and there saw her between the tracks; that it was their duty to so manage the locomotive as to prevent them from striking her; but that regardless of their duty in that behalf and without any warning or signal, whatever, they " willfully, wantonly and recklessly ran such train at a high and unlawful rate of speed, to wit, at a speed of thirty miles per hour, against the body and person of the said Estelle Smith, where she was then and there thrown to the ground and her body run over by the train, and she was then and there killed."

The substantial averment in this count is that the deceased was struck by the entire train and not by a section of it, as is stated in the fifth count; in our opinion a good cause of action is stated in the sixth count, and the demurrer should have been overruled as to it. The judgment will be reversed and the cause remanded with directions to the Circuit Court to so modify its order as to have the demurrer overruled as to the sixth count of the amended declaration.

Reversed and remanded.