**SPERRY v. WABASH R. CO. et al.**
**Civ. No. 352–D.**

District Court, E. D. Illinois.

June 29, 1944.

See, also, 52 F.Supp. 337.

C. E. Tate, of Champaign, Ill., and W. A. Nichols, of Urbana, Ill., for plaintiff.

Henry I. Green, of Champaign, Ill., for defendants.

LINDLEY, District Judge.

At the close of all the evidence, defendant's motion for a directed verdict was denied. The jury returned a verdict for $4,000 and defendant now moves for judgment notwithstanding it.

Plaintiff was injured by a locomotive of defendant while it was proceeding from a southeasterly direction in a northwesterly direction in the city of Urbana. Plaintiff and her companion, a girl of similar age, ten years, were walking on the right of way, between the tracks, on a path used by pedestrians for a great many years as a matter of convenience. The two girls approached the railroad on California Street which runs east and west and crosses the railroad, and after having waited in the cold for a bus which did not appear and having argued as to whether they should walk down the railroad track, proceeded on the track toward Illinois Street to a point approximately half way between the two streets.

Defendant's engine was proceeding in a reversed position, drawing five cars. It came into Urbana some four or five blocks

southeast of the place of the accident, the engineer being on the lookout on one side and the fireman on the other. The evidence is undisputed that as the train came into the city the service brakes were applied, reducing the speed of the train; that at each crossing, whistles were blown; that the bell was ringing; that the engineer and fireman saw the two girls; that the emergency brakes were immediately applied and continuous short blasts of the whistle thereafter given as emergency alarms; that plaintiff's companion called to her, warning her, and ran off the track to the east and up the bank to safety; that plaintiff attempted to follow but somehow caught her foot on the rail, tripped and fell so that the engine ran over her leg necessitating its amputation. The locomotive came to a stop at the Illinois Street crossing. Defendant's evidence was that the train was going twelve to fifteen miles an hour; that everything was done to avoid the accident that could have been done. Some of plaintiff's witnesses testified that the train was running over thirty miles an hour. Substantially the only controversy of fact lay in the estimates of the witnesses as to the rate of speed.

■■ Obviously it was the duty of the railroad company under the averments of the complaint to exercise the ordinary care of a reasonably prudent railroad company under the proved circumstances to avoid injuring the plaintiff and the duty of plaintiff to exercise the ordinary care of a reasonably prudent child of her years for her own safety. As to specific definition of the duty of the railroad company we find in the Illinois decisions many authoritative and informative announcements. Thus the Supreme Court of Illinois said, under similar facts, that the obligation was no greater duty than the use of reasonable care to discover persons using the right of way for longitudinal pedestrian travel and to avoid injuring them. Morgan v. New York Cent. R. Co., 327 Ill. 339 at page 344, 158 N.E. 724, at page 726. The court added: "The engineer was not required to stop the train until it became apparent that Morgan had not heard or would not heed the signal."

In the earlier case, Illinois Cent. R. Co. v. O'Connor, 189 Ill. 559, 59 N.E. 1098, 1100, many persons had used defendant's right of way. The court said: "This court is committed to the doctrine that a railroad company, in the operation of its trains, owes no duty to a trespasser upon its right of way or tracks, except that it will not wantonly or willfully inflict injury upon him; and we have frequently held that the mere fact that * * * those operating its trains may have knowledge of the fact that persons have been in the habit of crossing its tracks or walking upon them at places other than public crossings or public places, will not amount to proof of willful and wanton disregard of duty toward such trespassers." In the still earlier case, Illinois Cent. R. Co. v. Godfrey, 71 Ill. 500 at page 506, 22 Am.Rep. 112, the court announced: "The right of way was the exclusive property of the company, upon which no unauthorized person had a right to be, for any purpose. The plaintiff was traveling upon defendant's right of way, not for any purpose of business connected with the railroad, but for his own mere convenience, as a footway. * * * But, because the company did not see fit to enforce its rights, and keep people off its premises, no right of way over its ground was thereby acquired. It was not bound to protect or provide safeguards for persons so using its grounds for their own convenience. The place was one of danger, and such persons went there at their own risk, and enjoyed the supposed implied license subject to its attendant perils. At the most, there was here no more than a mere passive acquiescence in this use."

In Cunningham v. Toledo, St. L. & W. R. Co., 260 Ill. 589 at page 594, 103 N.E. 594, at page 596, the court said: "The doctrine has been firmly established that the railroad company owes no duty in the operation of its trains to such persons other than not to wantonly or willfully inflict injury upon them. * * * A mere naked license or permission to enter or pass over an estate will not create a duty or impose an obligation on the part of the owner to provide against the danger of accident. * * * Permission to pass over an estate imposes no obligation on the owner to provide against accident."

In Illinois Cent. R. Co. v. Eicher, 202 Ill. 556, 67 N.E. 376, 378, plaintiff was walking down a cinder path between the double tracks of the railroad which had been generally used because it was a better road for pedestrians than the public road alongside the right of way furnished. The court said: "A railroad company owes no duty to a person walking along its tracks without its invitation, either expressed or

implied, except to refrain from wantonly or willfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril; and *it makes no difference in that respect whether he is a trespasser, a mere licensee, or one who is on the tracks by mere sufferance, without objection of the company.* One who goes upon a railroad track by permission, or where permission may be implied from the circumstances, may be regarded as having a license, but one who is there by mere sufferance is not a licensee, and may be a trespasser. *In either case there is no duty toward him,* except to refrain from wantonly or willfully injuring him." (Italics supplied).

In Illinois Cent. R. Co. v. Noble, 142 Ill. 578, 586, 32 N.E. 684, 686, the court said: "The railroad company has the right to an unobstructed use of its track, and it is justified in presuming, and in acting upon the presumption, until the contrary is brought to its attention, that its right in this respect will not be interfered with. * * * We are not prepared to hold that the duty of a railroad company to mere trespassers * * * requires such company to run its trains with a view to the constant probability of trespassers upon its track."

In Peirce v. Walters, 164 Ill. 560, at page 563, 45 N.E. 1068, at page 1069, the court approved an instruction stating that "the law did not impose any duty whatever upon his engineer, to discover the plaintiff's presence upon the same, but only required him, after he discovered the plaintiff, and had knowledge that he was in a perilous position, to exercise reasonable care and prudence to avoid collision * * *. The defendants are liable * * * only if the engineer failed to exercise ordinary care to prevent the injury after he became aware of the danger to which the plaintiff was exposed; and by ordinary care is meant such care as would be ordinarily used by a prudent person performing a like service under similar circumstances." Thus in Illinois, the duty of the railroad company to a licensee and to one trespassing is exactly the same,—not wantonly or willfully to injure him and to exercise reasonable care for his safety after discovering his peril.

In Illinois Cent. R. Co. v. Eicher, supra, the court added: "One who has permission or license to travel along the tracks takes it subject to the use of the road without reference to him. The license imposes no obligation to take precautions for his safety, or to run trains in any respect different from what they would be run if he was not there. He takes the premises as he finds them, with all the attendant dangers connected with their use, only subject to the limitation that the company shall not inflict upon him wanton or intentional injury. * * * 'The safety of the traveling public demands that the right of way of a railroad company should be unobstructed.' A railroad company has no right to disregard its obligations to the traveling public, or disable itself from their full performance. "The rights of trespassers and mere licensees are entirely different from the rights of those who come upon the premises of a railroad company for a purpose connected with its business, where the invitation and the mutual interest raise a duty toward them. An invitation to come upon the premises at proper places for the purposes of business may be implied, but in this case the deceased was not upon the premises of the defendant for any such purpose. There is no controversy whatever over the fact that he was walking upon this path merely for his convenience, and that * * * at most, there was a mere license to the public, arising out of the fact that defendant had made no objection to the use made of the walk. All that was proved was that the space between the two main tracks was filled with cinders and ballast level with the tops of the ties, so as to be smooth and firm, making a better way for walking than the public road adjoining, and that it was used by the employés of the defendant and the public without objection. The fact that the space was so filled had no tendency to prove an invitation to the public to use the foot path, or that it was prepared for public use. * * * The failure to object to the use did not amount to an invitation to the public to come upon its tracks and expose themselves to danger, or impose an obligation to run trains in any respect different from what they would be run if there were no such use." See also Thompson v. Cleveland, C., C. & St. L. R. Co., 226 Ill. 542, at page 546, 80 N.E. 1054, at page 1055, 9 L.R.A.,N.S., 672. The duty to exercise ordinary care to avoid injury to such licensees arises only after their presence upon the right of way is shown to have become known to the servants of the railroad company. Ingram v. Jackson, 206 Ill.App. 466, at page 471.

828

However, concerning the duties of a railroad company to trespasser and licensee the Illinois court has said: "There is a line of decisions by this court holding, in effect, that, even though a party may be upon the defendant's tracks or right of way without an absolute right to do so, yet where the place 'has been openly used jointly by the railroads and the public,' and where, from the evidence, the ownership of the place is left in doubt, * * * the company owes to persons at such places the duty of exercising reasonable care to avoid inflicting injury upon them, and that in such cases the failure to give required signals may amount to wanton or gross negligence. But we are unable to see upon what principle the present case can be brought within the reasoning or decision in those cases. As we have before said, the plaintiff in this case was a trespasser. He was upon defendant's right of way and track, not upon any business with the defendant, not by any right or claim of right, but for his own convenience and pleasure." Illinois Cent. R. Co. v. O'Connor, 189 Ill. 559, 566, 59 N.E. 1098, 1101. See also Cunningham v. Toledo, St. L. & W. R. Co., 260 Ill. 589, at page 596, 103 N.E. 594, at page 597. So here plaintiff was upon defendant's right of way not upon any business but for her own convenience. She had gone on the track arguing as to the propriety of its use and from the undisputed testimony, with full realization of the fact that it was a railroad right of way upon which trains passed to and fro. She was plainly a licensee using the track for her own convenience only. As soon as she was discovered proper warnings were given, emergency brakes applied and everything possible done to avoid striking her. Under the Illinois decisions defendant fulfilled its obligations toward her.

In Joy, Adm'r v. Chicago, B. & Q. R. Co., 263 Ill. 465, at page 468, 105 N.E. 330, at page 331, the Supreme Court intimated purely as dictum that if a railroad company has reasonable ground to apprehend the presence of trespasser or licensee on its right of way it must keep a lookout, saying: "It has been held by this court, and almost universally, that the law casts no duty upon a railroad company to keep a lookout for trespassers on its track in the open country, remote from public crossings, cities, and towns. This is conceded and requires no citation of authority. Exceptions to this general rule are (1)

Places where the railroad company has permitted the public to travel along or over its track for a considerable period of time and a considerable number of people have availed themselves of such use, and (2) where the railroad runs through populous portions of a city, were people frequently go upon or pass over the track with knowledge of the company or for such a length of time that the company is chargeable with knowledge. Neither of the exceptions is involved in this case." This was followed in Bernier, Adm'r v. Illinois Cent. R. Co., 296 Ill. 464, at page 471, 129 N.E..747, at page 750. Again as dictum, the court said: "Where a railroad company has permitted the public to travel over its track for a considerable period of time, and a considerable number of people have availed themselves of such use, the railroad company must keep a lookout for persons on its track." The charge in that case was one of wanton and willful action.

Notwithstanding the fact that these announcements are dicta and have never been uttered in cases where they were pertinent to the decisions, quotations from and reliance upon have crept into the decisions of the Appellate Court. Examples are Sary, etc., v. Peoria & Pekin Union Ry. Co., 248 Ill.App. 417; Collins, etc., v. Missouri-Illinois R. Co., 233 Ill.App. 545. Each of these, however, involved a charge of willful and wanton action.

But even if it can be said that this dictum has been so oft repeated that it has become part of the Illinois law that a lookout must be maintained under certain circumstances in anticipation of the presence of licensee or trespasser, the evidence in this case is undisputed that both the engineer and the fireman were maintaining a lookout before and at the time of the injury; that as the train approached the city limits the speed was slackened by applying brakes, the whistle blown for the street crossings and, when the girl was discovered by the engineer and fireman, the emergency short blasts of the whistle continued until the accident and the emergency brakes applied so that observers heard their grinding on the wheels. I thing it can not be reasonably said otherwise than that a lookout was maintained and that the whole question as to defendant's negligence is one of whether, after the lookout had ascertained the presence of the girl, the acts of defendant's servants were such as to constitute reasonable care. Again the evi-

dence is undisputed that everything possible was done in an attempt to prevent the injury.

It has been intimated in some jurisdictions, that, if the railroad company has reasonable ground to apprehend that licensees will be using the right of way for their personal convenience, it owes the duty also to check or moderate the speed of its train at the place where it is bound to anticipate the presence of such licensees. St. Louis & S. F. R. Co. v. Jones, 78 Okl. 204, 190 P. 385, 16 A.L.R. 1048, at page 1051. Here the great weight of the evidence is that the speed had been checked to twelve or fifteen miles per hour by application of the service brakes as the train approached the city limits and was still under the effect of the application when the girls were first seen and that when their presence was apprehended the emergency brake was applied. Some witnesses testified that the train was going thirty to forty miles per hour. If it were evident that the Illinois law required checking of the speed it might well be, in the light of this testimony, that the question of due care on the part of the railroad was one of fact for the jury. But I do not find that Illinois has followed this doctrine, and, even if I did, I would have to consider two other questions in order properly to decide this motion,—those of proximate cause and contributory negligence.

■ I think the language in Gulf, M. & N. R. Co. v. Wells, 275 U.S. 455, 459, 48 S.Ct. 151, 153, 72 L.Ed. 370, applicable. There the court said: "In short, we find that on the evidence and all the inferences which the jury might reasonably draw therefrom, taken most strongly against the Railway Company, the contention that the injury was caused by the negligence of the engineer is without any substantial support. In no aspect does the record do more than leave the matter in the realm of speculation and conjecture. That is not enough," and that of Chicago, M. & St. P. R. Co. v. Coogan, etc., 271 U.S. 472, at page 478, 46 S.Ct. 564, at page 566, 70 L.Ed. 1041: "It is the duty of the trial judge to direct a verdict for one of the parties when the testimony and all the inferences which the jury reasonably may draw therefrom would be insufficient to support a different finding. * * * The record leaves the matter in the realm of speculation and conjecture. That is not enough." As the court said in Patton v. Texas & P. R. Co., 179 U.S. 658, at page 663, 21 S.Ct. 275, at page 277, 45 L.Ed. 361, "Where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony; and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

■ Irrespective of defendant's negligence, however, I think it clear from the evidence that plaintiff has failed to prove her averment that she exercised due care. As we have seen, she was walking down the railroad track; she knew it was a place of danger; she knew that the train could not get off the track for her and that she must get off the track for it. Many courts have said that when such parties are injured by a passing train, "they have only themselves to blame." Illinois Cent. R. Co. v. Noble, 142 Ill. 578, 32 N.E. 684, 687; Wabash R. Co. v. Jones, etc., 163 Ill. 167, 45 N.E. 50; Garrett v. Pennsylvania R. Co., 7 Cir., 47 F.2d 10, at page 12. From these and other precedents, plaintiff was herself guilty of inexcusable lack of care, needlessly walking along the path on or near the track so as to be within line of travel of the engine while the train was approaching from behind her. Keeping a lookout for her own safety, as she was bound to do, she would have discovered the train and avoided injury. Morgan v. New York Cent. R. Co., 327 Ill. 339, 344, 158 N.E. 724; Chicago, R. I. & Pac. R. Co. v. Hirsch, Conservator, etc., 132 Ill.App. 656; Simon v. Aurora, E. & C. R. Co., 180 Ill. App. 444. These authorities and many others might be cited in support of the statement that while failure to look under such circumstances may not be negligence per se, it is negligence in fact in the absence of evidence which excuse using one's senses to discover the approach of a train. Michigan Cent. R. Co. v. Cudahy, 119 Ill. App. 328. The language of Illinois Cent. R. Co. v. Hall, 72 Ill. 222, at page 225, is

pertinent. "It is negligence for a person to walk upon the track of a railroad, whether laid in the street or upon the open field, and he who deliberately does so will be presumed to assume the risk of the perils he may encounter. The crossing of a track of a railroad is a different thing. The one is unavoidable, but in the other case he voluntarily assumes to walk amid dangers constantly imminent. * * * The side path was not so easy to walk upon as that between the rails, but that fact did not justify appellee in taking the dangerous path. He was familiar with the dangers to which he was exposed, and we must conclude he voluntarily assumed the hazard. He could have avoided all danger by a little inconvenience, but he did not choose to do it. The injury received must, therefore, be attributed to his want of ordinary care. * * * No prudent man would expose himself on that part of the road without keeping a constant and vigilant watch for the approach of trains. This, appellee did not do. Neither appellee nor his companions discovered the trains until they were within a few yards of them, notwithstanding the fact the bells on both engines were being constantly rung. This fact itself is evidence of want of proper precaution. The conclusion is unavoidable. Appellee was not in the exercise of that degree of caution that a prudent person always adopts for his personal security."

█ Nor can it be maintained that in actions for personal injury, contributory negligence of the injured party will constitute no defence except when the latter's negligence is an element or factor in producing the force causing the injury complained of. Thus in Abend v. Terre Haute & I. R. Co., 111 Ill. 202, at page 209, 210, 53 Am.Rep. 616, the court said: "It is sufficient if the plaintiff's negligence materially contributes to the injury, whether it contributes to the force causing the injury, or not. Whatever dicta, or even decisions, may be found to the contrary, the cases fully establish the rule as here stated. Galena & C. U. R. Co. v. Fay, 16 Ill. 558 [63 Am. Dec. 323]; Illinois Cent. R. Co. v. Buckner, 28 Ill. 299 [81 Am.Dec. 282]; Chicago & A. R. Co. v. Becker, 76 Ill. 25. * * * Indeed, it is a fundamental principle the plaintiff can not recover in any case for an injury occasioned by negligence merely, which would have been avoided by the exercise of ordinary care

and prudence on the part of the plaintiff himself." See also 44 Am.Jur. 713, 715 and 716.

As a young girl capable of comprehending danger and familiar with the operation of trains and the surrounding situation, plaintiff was bound to exercise the intelligence with which she was endowed; she was bound to watch and listen to discover perils, and, upon their discovery, so to act as to avoid injury; her failure to perform these duties bars recovery. 44 Am.Jur. 420, 421. From the plaintiff's own testimony, under the laws of Illinois as disclosed by voluminous decisions, plaintiff was guilty of contributory negligence which bars recovery.

█ For another reason plaintiff's case must fail: Even if the evidence would support a finding of negligence in any respect upon the part of defendant, one of plaintiff's essentials in proof was that that negligence was the proximate cause of the injury. Plaintiff herself testified that after she became aware of the train, her companion escaped to a place of safety and that she, while endeavoring to do so, tripped and fell on the rail. Thus it is obvious that this unfortunate accident occurred solely because of her tripping. Had she not fallen, she would have escaped, as did her companion. Finding herself in a place of danger and being aware that a train was approaching, she responded to the natural human reaction of endeavoring to escape and, but for her misfortune, arising solely from her tripping, her own misstep, she would not have been injured. An injured party's negligence is the proximate cause of the injury when by the exercise of ordinary care he might have avoided the consequences of the negligence of the railroad company, that is, where his negligence is concurrent with, or subsequent to, that of the railroad company and continues up to the time of the injury, and but for which the injury would not have happened. 52 C.J. 683. Where a thirteen-year-old child, sitting on a bank above the level of a track, was frightened by a derailed car, and in trying to get away tripped and fell down the bank and under the wheels her fright, and not the unsafe track, was the proximate cause of her injury. Donald v. Long Branch Coal Co., 86 W.Va. 249, 103 S.E. 55. I think not only that there is no evidence that defendant's negligence was the proximate cause of the injury but that reasonable men could only

conclude that the proximate cause was, in fact, plaintiff's own act.

The verdict will be set aside and judgment notwithstanding the verdict enter in favor of defendant and against plaintiff in bar of plaintiff's action and for costs of suit.