Glen Coleman, Appellee, v. Chicago, Burlington and Quincy Railroad Company, Appellant.

Opinion filed November 19, 1936. Rehearing denied December 19, 1936.

W. H. HART, M. M. HART and C. W. KROHL, for appellant; J. C. JAMES, of counsel.

FRANK E. TROBAUGH and STEPHEN E. BRONDOS, both of West Frankfort, for appellee.

Mr. Justice Edwards delivered the opinion of the court.

In the evening of December 20, 1932, plaintiff, as a guest passenger in an auto driven by Wayne Perryman, was riding from West Frankfort to Carbondale to witness a basket ball game. The highway, at the southerly limits of West Frankfort, is intersected by a line of railroad which runs to a coal mine of the Old Ben Company. A block east and south of the railway track was a smoldering pile of slag, giving off smoke which it is claimed floated over to the crossing in question and tended to obscure the visibility at that point. The highway from the north, to the railroad, is somewhat downhill, though not a sharp grade.

At the time in controversy a train of defendant, consisting of an engine to the front of which were coupled 10 loaded coal cars, had backed westerly from the mine, and the engine pulled to the west about eight car lengths, when it stopped, with one car upon the highway crossing and one easterly of such point. The headlight of the engine shone over the tops of the loaded coal cars, which were about 8½ feet high above the rail, while the headlight was two or three feet higher.

The purpose of stopping on the crossing was to enable the rear switchman to alight from the third or fourth car from the engine, walk to the rear and throw a switch in order that the train might back onto another track. While the switchman was thus engaged, and the car had stood across the highway crossing for perhaps two minutes, the auto in which plaintiff was riding crashed into the side of the car upon the crossing, and as a consequence a young lady passenger in the auto was killed, while the other occupants, including plaintiff, were injured.

Both the driver and plaintiff were familiar with the intersection of the railroad and highway, and had

passed over the point many times. The driver testified that the last 300 feet before he reached the crossing he was traveling 20 or 25 miles per hour, and that when he first saw the train he was 30 or 40 feet therefrom; that he then applied his brakes and turned to the left, but was unable to avoid collision with a red coal car. The view of the crossing was unobstructed for at least 150 feet northerly of it.

Plaintiff brought suit under the old Practice Act, in 1933. The declaration as amended consisted of four counts; each charged that defendant blocked the crossing with its train; that it was then and there under a duty to give notice to travelers on the highway by signs and signals that the train was obstructing the crossing; that defendant failed so to do, and that such neglect was the proximate cause of plaintiff's injuries.

Defendant pleaded the general issue; the cause was tried before a jury; there was a verdict in plaintiff's favor for $2,500, judgment was rendered therefor, and from it this appeal has been perfected.

Plaintiff's position and theory is tersely stated at the bottom of page three of his brief and argument, as follows: ''The plaintiff claims there were insufficient signs and signals, and by the defendant's failure to give proper notice of the existence of the fact the crossing was blocked, caused the injury to the plaintiff.''

To entitle the plaintiff to a recovery it was of course necessary that he adduce evidence which tended to prove that defendant was negligent, and that such negligence was the proximate cause of his injury. *Gibson v. Leonard*, 143 Ill. 182; 45 Corpus Juris, 901.

No question has been raised that defendant was not rightfully occupying the crossing at the time of the accident, but the contention is made that it rested under the obligation to give notice to travelers on

the highway, by appropriate signals or warnings, that its train was then obstructing the crossing. No statute or municipal regulation requiring such has been claimed or cited, and if such duty was imposed upon defendant it must have been by the common law.

Whether a railway company, lawfully occupying for a reasonable time a crossing of its tracks with a public highway, must, in the exercise of due care, give notice or warning to the traveling public of the presence of its train upon the crossing, has many times been before the courts for adjudication.

In *Crosby v. Great Northern Ry. Co.,* 187 Minn. 263, 245 N. W. 31, the rule was stated to be: "Common experience is that the occupation of a highway crossing by a train is visible to travelers on the highway, including automobile drivers whose cars are properly equipped with lights and who exercise ordinary care. It would seem that a train upon a crossing is itself effective and adequate notice and warning. It has always been so considered. This is so whether the train is moving or standing. A railroad company is under no obligation to light an ordinary highway crossing at night so that its trains thereon may be seen by travelers."

*Morris v. Atlantic City R. Co.,* 100 N. J. L. 328, 126 Atl. 295, was a case where a train stood over a crossing on a dark and foggy night, without giving warning, and plaintiff's truck collided with the train. The court, in denying liability, held that there was no duty on the part of the defendant to give warning to autoists by lights or other signals.

The rule was stated, in *Philadelphia & R. Ry. Co. v. Dillon,* 1 W. W. H. (Del.) 247, 114 Atl. 62, that a railroad company, rightfully blocking a highway crossing with a standing train, has a right to assume that one driving an auto along the highway will adopt such lights and rate of speed that he can bring his car to

a standstill within the distance he can plainly see the train, and that the railroad company is not negligent in failing to give warning of the presence of the train.

"A railroad company is not liable for injuries to an automobile, driver of which, in coming down a steep hill at night, by reason of slippery condition of oiled road, was unable to stop on discovering a train standing on crossing, whereby the automobile hit the train just as it was starting, though railroad took no precautions to avoid such injury." *Gilman v. Central Vermont Ry. Co.,* 93 Vt. 340, 107 Atl. 122.

Where a driver knows of a track and highway crossing, and he drives his car on a dark night into a freight train standing upon the crossing, and no warning was given by the railroad company of the presence of the train on the crossing, the court ruled that with proper headlights and driving with such care as the law requires of him, he should have seen and known of the obstruction in time to have avoided the collision, and that the railroad company owed him no duty to give special warning of the obstruction of the crossing. *Worden v. Chicago & N. W. Ry. Co.,* 180 Wis. 551, 193 N. W. 356.

In the very recent case of *Dolan v. Bremner,* 220 Iowa 1143, 263 N. W. 798, on consideration of this proposition, the court said: "Railroad tracks necessarily cross public highways, and it is necessary that trains at times be stopped upon such public highway crossings. When this is done and the railroad company is making reasonable and legitimate use of such crossing, the presence of the train itself is sufficient warning to any one using the highway, and there is no duty upon the part of the railroad company to anticipate that one using the highway will not see such train and be apprised of its presence as fully as he would be if other signs or warning were used."

When railroad cars are rightfully upon a crossing, the fact that they are there is adequate notice to the traveler over the highway that he cannot occupy the crossing at the same time. No other signals, warnings or notices are necessary or required, in the absence of a statute or ordinance specifically requiring such. Where no statute or municipal regulation obligates the railroad company to provide lights at the crossing under such circumstances, negligence against the railroad company is not proven by the single circumstance that there were no such lights at the time of the accident. *Gage v. Boston & M. R. Co.,* 77 N. H. 289, 90 Atl. 855.

In *Trask v. Boston & M. R. R. Co.,* 219 Mass. 410, 106 N. E. 1022, plaintiff, on a dark night, drove an auto into the side of a train standing on a spur track at an obscure crossing in a village. No signals or warnings were upon or about the train before or when the accident occurred; and the court held that there was no duty of the defendant to provide lights or flagman at the time.

The case of *Pennsylvania R. Co. v. Huss,* 96 Ind. App. 71, 180 N. E. 919, was a situation where plaintiff, a guest passenger, was injured by the collision of the auto in which she was riding, with a freight train of defendant standing upon a highway crossing. The night was dark and damp; at the scene there was a mist or fog, with the visibility poor; negligence was claimed because of defendant's failure to place any signal at the crossing and in failing to station some employee there to warn persons using the highway of its obstruction by the train. The court, after an exhaustive consideration of authorities, ruled that common knowledge and experience are sufficient to warn the traveling public that a railway crossing cannot be used when it is already occupied, and the law does not require that information be given of an existing fact;

that ordinary observation will reveal that an object the size and shape of a freight car upon a crossing is, in and of itself, sufficient notice of its presence to warn any person using the highway with ordinary care, that the crossing is obstructed, and that no further warnings or signals are necessary.

The law governing in such situations. is epitomized in 52 Corpus Juris, 190, sec. 1782, where, after a résumé of authorities, the rule is stated to be: "The view generally taken is that the presence of a train or cars at a crossing is sufficient notice of obstruction and of danger; that the railroad company is not bound to give any further warning as to the presence of such obstruction, and that the trainmen have a right to assume that the operator of the vehicle will act in a reasonable way to avoid a collision."

It is thus apparent that the decided weight of authority establishes the proposition that where a railroad train rightfully and for a reasonable period of time occupies a crossing of its tracks with a public highway, the very presence of the train is adequate notice and warning to any traveler, who is in the exercise of ordinary care for his own safety, that the crossing is occupied; that no additional signs, signals or warnings are required to be given by the railroad company, and that no negligence can be imputed to it for its failure so to do.

It is further said, in *Dolan v. Bremner, supra*: "The purpose of warnings or signals at railway crossings is to protect the public from approaching trains, and not to warn of the presence of trains actually upon the crossing; and when an automobile is driven into the side of a railroad car occupying a highway crossing, the absence of warning, either statutory or otherwise, cannot be the proximate cause of the collision and damages resulting therefrom." And to the same effect are *Cleveland, C., C. & St. L. Ry. Co. v. Gillespie,*

96 Ind. App. 273, 173 N. E. 708; *Schmidt v. Chicago & N. W. Ry. Co.,* 191 Wis. 184, 210 N. W. 370; *Fuller v. Peoria & P. Union Ry.,* 164 Ill. App. 385.

From the authorities cited, and upon this record, it is manifest that the defendant did not owe to the plaintiff the duty, charged in the declaration, of giving notice of the fact that its train was blocking the crossing at the time in question, and hence the failure to give such notice was not the proximate cause of the collision and consequent injury to the plaintiff.

When there is no proof which tends to establish the fact that defendant was guilty of some act or omission which was the proximate cause of plaintiff's injury, the latter fails to make a case. *Hartnett v. Boston Store,* 265 Ill. 331; *Chicago & A. R. Co. v. Becker,* 76 Ill. 25.

The plaintiff failed to establish one of the essential elements of his case, namely, that some act or omission of the defendant was the proximate cause of his injuries; for which reason the judgment is reversed, and judgment is entered here for defendant, and against plaintiff for costs of suit.

*Judgment reversed.*