## SCHAFFER v. PENNSYLVANIA R. CO.
### No. 6608.

Circuit Court of Appeals, Seventh Circuit.

Jan. 6, 1939.

Rehearing Denied Feb. 16, 1939.

Royal W. Irwin, of Chicago, Ill., for appellant.

Frank J. Loesch, Edward M. Burke, and Clement L. Harrell, all of Chicago, Ill., for appellee.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

Plaintiff-appellant sued defendant-appellee, Pennsylvania Railroad Company, and its co-defendant, Chicago, Milwaukee, St. Paul & Pacific Railroad Company, to recover damages for personal injuries alleged to have been caused by the negligence of the defendants. At the close of all the evidence the trial court directed a verdict in favor of the Pennsylvania Railroad Company. The jury returned a verdict against the defendant Chicago, Milwaukee, St. Paul & Pacific Railroad for $20,000.

The question presented on appeal is the alleged error of the trial court in directing a verdict in favor of the defendant Pennsylvania Railroad Company.

The facts are briefly as follows: The two defendant railroads jointly own two main line tracks which intersect a public street. The two companies maintain a crossing watchman whose duties involve lowering and raising the crossing gates and ringing a bell to warn of the approach of trains. For purposes of this appeal we assume that because of the watchman's failure to lower the gates and to ring the warning bell, plaintiff, while in the exercise of due care, drove upon the tracks and was struck by a train of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company.

As stated above the two tracks at the crossing were owned jointly by the co-defendants. The watchman was employed by the Pennsylvania Railroad Company on behalf of both companies; the Pennsylvania Company paid the man's salary and billed the other company for its proportion, which depended upon the number of its cars and engines which passed over the crossing.

The trial court, over the objection of the plaintiff, admitted in evidence on behalf of the Pennsylvania Railroad Company an agreement between the two defendant companies. The agreement contained a recital that the parties owned "jointly, each an undivided one half interest" in the two main railroad tracks involved in this suit; and the contract provided for the maintenance, operation and control of the tracks and crossing. By the terms of the agreement the Pennsylvania Railroad was obligated to maintain, renew, repair and operate the joint tracks and to pay the salaries and expenses of all employees required to perform the foregoing. Also, the St. Paul Company agreed to pay such proportion of the total cost of maintaining, renewing and operating the joint tracks as would be determined by a formula provided in the contract. It was further provided that the Pennsylvania Railroad Company should make rules and regulations for the operation of the joint track system and that subject to the terms of the agreement, the Pennsylvania Company should have the right of management and supervision of all necessary employees, but with the limitation that such employees might be discharged or transferred from the joint service upon the written application therefor from the St. Paul Company.

The contract contained elaborate provisions purporting to fix the liability of the parties to the contract for injuries resulting from the negligence of employees, including joint employees. Evidently the District Court was of the opinion that by the terms of the agreement between the two railroads the watchman was a separate employee of the Chicago, Milwaukee & St. Paul Railroad for the purpose of operating safety devices at the time of the accident. But it is appellant's contention on appeal that when two railroad companies jointly own a railroad which crosses a public highway and jointly employ crossing watchmen to guard the crossing, the railroad companies are jointly and severally liable in an action based upon the negligence of a crossing watchman. This follows, so the appellant contends, from the legal duty of railroad companies whose tracks cross public highways to provide proper protection to the public against injury from the operation of cars across the highway. And appellant further contends that this duty is imposed by law upon the owner of the right of way and cannot be delegated to another so as to relieve the owner from liability.

We are of the opinion that the foregoing propositions of appellant are sound

and are sustained by both reason and authority. In Chicago & Grand Trunk Railway Company et al. v. Hart,[1] it was held that a lessor railroad company is liable for the negligence of the lessee company in the operation of the road, not only to the public but also to employees of the lessee company who are injured by the sole actionable negligence of the latter. Three of the seven justices of the Supreme Court of Illinois dissented from the holding that the lessor company was liable for an injury to an employee of the lessee company, but all of the justices agreed that the lessor would be liable to a member of the public who had been injured by the negligence of the lessee. The reasoning of the Illinois Supreme Court is indicated by the following (page 420, 70 N.E. page 656):

"A railroad company is granted a charter for the purpose of enabling it to perform duties for the benefit of the public. Such a company does not take, as one of its general powers, the right to substitute another to discharge those duties as its lessee. * * * In the absence of statutory authority to execute a lease, any attempt to do so is ultra vires; and the acts of the lessee in the operation of the road under such a void lease are, in legal contemplation, the acts of an agent of the railroad company. * * * A lease, though authorized by an act of the Legislature, does not operate to relieve the lessor company of any duty or liability imposed by its charter unless the enabling statute contains an exemption therefrom. * * * Therefore it is that in the discharge of an act, the performance of which devolved upon the lessor company as a chartered power or duty, the lessee, under our statute authorizing a railroad company to perform its chartered powers through the medium of a lessee, is but the agent or servant of the lessor company, to the same extent as if the lease had been executed in the absence of statutory authority."

In the later case of Chicago & Eastern Illinois Railroad Company v. Schmitz[2] the Supreme Court of Illinois held that both the owner of the railroad and a corporation, or individuals, which the owner has authorized to use its tracks are liable for an injury resulting to a member of the public from the negligent operation of the railroad.

In Armstrong, Adm'x v. Chicago & Western Indiana Railroad Company[3] the doctrine of the earlier cases was approved and the court expressly held the doctrine to be applicable whether the one injured is an employee or one of the general public, and even though the relation of lessor and lessee is not shown to exist. The following is quoted from the opinion of the court (page 431, 183 N.E. page 480):

"The principle is thoroughly established that where an injury results from the negligent or unlawful operation of a railroad, whether by the owner or by another whom the owner authorizes or permits to use its tracks, both railroad companies are liable to respond in damages to the party injured. * * * The lessor and lessee are not only jointly and severally liable to the general public, but the rule embraces employees of the lessee, * * * and although the relation of lessor and lessee is not shown to exist, the rule applies to cases where the owner permits another railroad to use its tracks * * *."

Appellee urges that the foregoing cases are not applicable to the facts of the instant case because there is "no question of lessor-lessee or permissive user." It is true that in the instant case the co-defendants jointly owned the tracks in question and jointly maintained the crossing gates; and because of that situation the defendant Pennsylvania Railroad Company concludes that "the Pennsylvania Railroad Company caused said gates to be lowered upon the approach of one of its trains or locomotives and the Chicago, Milwaukee & St. Paul Company caused the said gates to be lowered upon the approach of one of its trains or locomotives to said crossing." And the Pennsylvania Railroad Company argues from the foregoing that the failure of the watchman to lower the gates and ring the bell was the failure of its co-defendant, since the train which was approaching and which struck the truck of the defendant was one of the co-defendant's trains.

If the Pennsylvania Company had at some time in the past executed a lease to its co-defendant, and if the Pennsylvania Company had ceased to have any control over the maintenance and operation of the two track system at the railroad crossing, it is obvious that under the Illinois decisions the failure of the watchman to ring

---

[1] 209 Ill. 414, 70 N.E. 654, 66 L.R.A. 75.

[2] 211 Ill. 446, 71 N.E. 1050.
[3] 350 Ill. 426, 183 N.E. 478.

372

the bell and lower the crossing gates at the time of the accident in question would have been, as a matter of law, the failure of the Pennsylvania Company. And it would seem to follow, a fortiori, that the failure of the watchman in the instant case to ring the bell and to lower the crossing gates was the failure of the Pennsylvania Company in view of the fact that the Pennsylvania Company not only is a joint owner with its co-defendant of the two tracks and of the warning devices at the crossing, but also jointly maintains the same; and, in addition, exercises actual supervision and control for the benefit of itself and its co-owner.

In the lessor-lessee cases the liability of the lessor is not predicated upon the lessor-lessee relationship, but upon a duty of which the franchise holder and owner of the right of way cannot divest itself despite the transferring of all management and control of the operation of the railroad to a lessee.

We are of the opinion that the defendants are under a duty, jointly and severally, to use due care to protect the public from the danger incident to the running of trains across the public highway, and we cannot find anything in the factual situation which can be given the legal effect of releasing either of the co-defendants from the foregoing duty.

The plaintiff-appellant objected to the admission in evidence of the contract between the co-defendants. The contract contained evidence of the joint ownership and management of the crossing tracks and warning system and to that extent was relevant, but in that respect served no purpose since the answer of the Pennsylvania Company admitted the joint ownership and management. But it was not admissible as evidence that either defendant had been freed of its responsibility to the public in respect to crossing perils. We are of the opinion that the agreement evidences no intention of attempting to relieve either party from its liability to the public or third persons. We construe article 3 to provide for an adjustment of liability between the parties to the contract.

■■■ But regardless of the intention of the parties to the agreement, we conclude that under the law of Illinois, which we think is controlling in the instant case, both defendants by reason of their joint ownership and joint management and control of the railroad property involved in this suit, were jointly and severally responsible for the proper conduct of the watchman in the performance of his duties. We hold that the District Court erred in sustaining the motion of the Pennsylvania Railroad Company, defendant, to direct a verdict in its favor.

Defendant renews its motion to dismiss on the ground that plaintiff having elected to sue upon the theory of joint liability has relinquished "the right to raise a separable controversy in this action." Also it is urged by defendant that plaintiff has abandoned his alleged cause of action "against this defendant" and that the alleged cause of action "is merged in the judgment against the co-defendant, Chicago, Milwaukee, St. Paul & Pacific Railroad Company."

■■ Defendant raised "a separable controversy in this action" by its motion to direct a verdict in its favor; and it procured an erroneous ruling by the trial court which resulted in a severance of plaintiff's joint claim. We do not believe that the plaintiff was required to forego pressing his suit to judgment against defendant-appellee's co-defendant in order to appeal from the adverse ruling. Appellee's co-defendant is not complaining, and we do not think that the defendant-appellee is in a position to take advantage of the technical consequence of the erroneous ruling, which it procured, to destroy the plaintiff's right to prosecute an appeal from such ruling. The defendant-appellee is not prejudiced, and to allow its motion to dismiss would be a clear violation of the spirit of Rule 74 of the Supreme Court, 28 U.S.C.A. following section 723c, which abolishes summons and severance in joint and several appeals and permits any one or more of the parties interested jointly, severally, or otherwise in a judgment to appeal without summons or severance.

The motion to dismiss is overruled.

The judgment of the District Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.