**SCHROEDER et al. v. MINNEAPOLIS, ST. P. & S. S. M. R. CO.**

No. 10806.

United States Court of Appeals Seventh Circuit.

June 17, 1953.

Joseph W. Cox, Chicago, Ill., for appellants.

Edwin R. Eckersall, Chicago, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The plaintiffs, Clifford E. Schroeder and Leona Craddock, filed a complaint in two counts against the defendant, Minneapolis, St. Paul & Sault Ste. Marie Railroad Company, for damages for personal injuries sustained by the plaintiffs when Clifford E. Schroeder drove his automobile, in which Leona Craddock was riding as a guest passenger, into and against the side of one of defendant's freight trains during the night. The train, at the time of the collision, because of a wreck, was not in motion but was standing across the roadway along which plaintiffs were driving. The crossing was ordinarily protected by wig-wag warning signals but the wreck had damaged the electric system and the signals were, therefore, not operating at the time.

Both plaintiffs were familiar with the crossing and knew that it was ordinarily protected by wig-wag signals. The plaintiff Schroeder alleged that he, being familiar with the said crossing, relied partly upon the fact that the crossing was protected by warning signals. The plaintiff Craddock, in Count II of the complaint which presented her claim, also alleged that she was familiar with the crossing, knew that it was protected by wig-wag signals and that "said train could not be seen by Plaintiff

until just before the collision and there were no signals working."

The District Court sustained the motion of the defendant to dismiss the complaint on the ground that the complaint showed upon its face that the sole proximate cause of the accident was the negligence of the plaintiff Schroeder, and that the complaint failed to allege facts showing a duty on the part of the defendant to maintain signals to warn motorists of said crossing or the presence of a train upon the crossing. The plaintiffs insist that this action of the District Court in dismissing the complaint constituted error. With this contention we cannot agree.

O'Keefe v. Wabash R. Co., 185 F.2d 241, decided by this court in 1950, involved the collision of an automobile with a train occupying a road crossing. We there pointed out, in 185 F.2d at page 244, that the accident having occurred in Illinois, the case was "governed by Illinois law where the rule appears to be as stated in Coleman v. Chicago, B. & Q. R. Co., 287 Ill.App. 483, 489, 5 N.E.2d 103".

In the Coleman case the Illinois Appellate court said, 287 Ill.App. at page 489, 5 N.E. 2d at page 105, that where a train is occupying "a crossing of its tracks with a public highway, the very presence of the train is adequate notice and warning to any traveler, who is in the exercise of ordinary care for his own safety, that the crossing is occupied; that no additional signs, signals, or warnings are required to be given by the railroad company, and that no negligence can be imputed to it for its failure so to do." In the Coleman case the court cited and discussed many cases from other states supporting its holdings. These cases included Pennsylvania R. Co. v. Huss, 96 Ind.App. 71, 180 N.E. 919, 922.

In the Huss case the plaintiff, a guest passenger in an automobile, was injured when the automobile struck a train which was standing across a highway crossing at night without any signal to warn of its presence. The night was cloudy and the visibility poor. A judgment for the plaintiff in the trial court was reversed by the Indiana Appellate Court which pointed out that an Indiana Statute required one driving an automobile at night to have lights which would throw sufficient light ahead to render objects on the roadway visible for a distance of at least 200 feet. In holding the driver of the automobile guilty of negligence as a matter of law, the court said that if the lights on the vehicle, on account of the physical conditions encountered, "would not delineate an object in the roadway straight ahead the distance prescribed by law, then she should have driven such automobile at such a rate of speed that she could have brought it to a stop within the distance that she could plainly see the train of appellant ahead of her, and thus have avoided running the automobile into the freight car. (Citing cases.)"

In the Coleman case the Illinois Appellate Court also quoted, 287 Ill.App. at page 489, 5 N.E.2d at page 105, the following statement from Dolan v. Bremner, 220 Iowa 1143, 263 N.W. 798: "'The purpose of warnings or signals at railway crossings is * * * to protect the public from approaching trains and not to warn of the presence of trains actually upon the crossing * * *.'"

In Johnson v. Gustafson, 233 Ill.App. 216, the court said that the Illinois Statute requiring that automobiles being driven at night shall have lights visible for 200 feet, was intended for the "guidance and benefit of persons driving the automobile as well as for the protection of others who may use the highway."

The appellants here rely heavily upon Langston v. Chicago & North Western Railway Co., 330 Ill.App. 260, 70 N.E.2d 852, Id.; 398 Ill. 248, 75 N.E.2d 363. But in the opinion in O'Keefe v. Wabash R. Co., 185 F.2d 241, at page 244, written after the Langston decision, this court pointed out, that the Coleman case had never been overruled and continued to be a correct statement of the Illinois law in the absence of "special and unusual circumstances", and that the Langston case, because of its particular facts, was an exception to the Coleman rule. In the Langston case the railroad had undertaken the maintenance of crossing warning signals so synchronized with the highway signals that the lights showed a red light if a train was on, or approaching, the

crossing, and a green light if the crossing was clear for highway traffic. In the Langston case the accident occurred when the plaintiff's automobile ran against the side of a train at night when the traffic signal showed green. At the time of the accident there was such a dense fog that lights could be seen for only 50 feet and unlighted objects could be seen for only 10 feet. In its opinion in that case the Illinois Supreme Court explained, 398 Ill. at page 254, 75 N.E.2d 363, that the crossing there involved was an especially dangerous one because of the relatively close position of the railroad track and a heavily traveled state highway both of which were crossed by the highway on which the automobile in question was traveling. This situation made possible the trapping of a traveler in a place of danger in the narrow space between the railroad track and the state highway if there was no warning. While agreeing, 398 Ill. at page 255, 75 N.E.2d 366, that as a general principle the railroad company does not owe the traveling public a duty under the law to give warning of a train upon a crossing, the Supreme Court of Illinois said that under the particular facts in that case the signal lights showing green amounted to "an invitation to cross, with an implied assurance of safety." But the court there added: "This is quite different from the ordinary case where the train is, in itself, warning and no invitation is made by the railroad company."

In the instant case we find a quite different situation from the facts shown in the Langston case. Here both plaintiffs were familiar with the crossing. As they approached it they necessarily knew that they were about to cross an ordinary railroad crossing which a train might be approaching or occupying. The complaint tells us that the defendant's train had been wrecked just beyond the crossing and that the wreck had also damaged the electric wig-wag system so that it was not operating. That was the existing situation as the plaintiffs approached the crossing. There was neither fog nor other obstacle to their seeing the train standing on the crossing. But for the independent intervening negligence of plaintiff Schroeder there would have been no collision and no injuries. Here, as in the O'Keefe case, 185 F.2d at page 245: "We find nothing in the facts of this record to take the case out of the ordinary rule that 'one cannot recover for driving his automobile into a train standing across a crossing.'"

Since the complaint shows that the sole proximate cause of the accident was the negligence of the plaintiff Schroeder, neither plaintiff can recover against the defendant railroad company, and the complaint was, therefore, properly dismissed.

The judgment of the District Court is affirmed.