Robert BELL, Grace Imgruet, Adminis-
tratrix of the Estate of Joseph Imgruet,
Deceased, and Cline McAlpine, Plain-
tiffs-Appellants,

v.

PENNSYLVANIA RAILROAD COM-
PANY, Defendant-Appellee.

No. 12998.

United States Court of Appeals
Seventh Circuit.

Nov. 28, 1960.

James A. Dooley, Chicago, Ill., for ap-
pellants.

Donald J. O'Brien, Robert H. Bierma,
Chicago, Ill., for defendant-appellee.

Before HASTINGS, Chief Judge,
KNOCH, Circuit Judge, and GRUBB,
District Judge.

GRUBB, District Judge.

Plaintiffs-appellants, who are the driv-
er of an automobile, a passenger therein,
and the administratrix of the estate of
another passenger, brought this diversity
of citizenship action against the defend-
ant-appellee, the Pennsylvania Railroad
Company, to recover damages for in-
juries sustained in a crossing collision
between said automobile and the appel-
lee's train. They alleged the negligent
acts of the Pennsylvania Railroad Com-
pany in the maintenance and control of
the crossing and in the operation of the
train as causal of their injuries.

The appellee, hereafter referred to as
the "Railroad," denied the allegations of
negligence and asserted plaintiffs' failure
to observe the presence of the cars of the
train as blocking the highway as an af-
firmative defense.

At the close of plaintiffs' case as to the
issue of negligence in the jury trial of
this action, the court granted the Rail-
road's motion for a directed verdict of
not guilty as against all the plaintiffs on
the ground that there was no proof of
negligence on the part of the Railroad.

The issue before this court on the ap-
peal from the order directing a verdict
for the defendant at the close of plain-
tiffs' case is whether the evidence, with
all inferences that justifiably may be
drawn from it and considered in the light
most favorable to the plaintiffs, would
justify submission of the factual issues

to the jury. Reitan v. Travelers Indemnity Company, 7 Cir., 1959, 267 F.2d 66; Burg v. Great Atlantic & Pacific Tea Company, 7 Cir., 1958, 256 F.2d 613.

The facts, as testified to by the plaintiffs and their witnesses and considered in the light most favorable to the plaintiffs, show that the accident occurred on November 18, 1951, at seven o'clock in the evening on Illinois Route 136, an east-west highway, at a crossing of the Railroad's single track which runs in a northwest-southeast direction and intersects the highway at an angle of 70 degrees. It was dark, and there was fog in the low spots. Plaintiffs had driven on this highway on one previous occasion, two nights earlier, and were otherwise unfamiliar with the crossing.

Plaintiffs approached the crossing at a speed of about 45 miles per hour while driving east on Route 136. Beginning about 1,000 feet west of the crossing, Route 136 starts on a downgrade, culminating at the crossing, and cuts through an embankment, the northerly side of which is of heights varying from 7 feet 9 inches at 500 feet from the crossing, 9 feet 6 inches at 300 feet, 1 foot 8 inches at 100 feet, and level at the crossing itself. Weeds and brush growing 2 to 5 feet high on the embankment and on the railroad right-of-way might have obscured the view of a traveller approaching upon the highway from the west.

An advance warning sign of the crossing was located 450 feet west of the crossing and 8 feet south of the pavement. Plaintiffs did not see this sign. Reflector buttons were missing on the sign, some of its paint was gone, and it was rusty.

Crossbuck warning devices were located on either side of the crossing. The sign in the southwest quadrant—on the side of the highway from which plaintiffs were approaching—extended 10 to 12 feet above the railroad right-of-way and was located 30 feet west of the center of the track and 9 feet from the south edge of the pavement. The sign was dirty, rusty, and twisted, and reflector buttons were missing from it.

Plaintiffs' evidence as to the distance at which they observed the train varies. There is testimony that they first saw a dark object occupying at least two-thirds of the crossing at a distance of 45 to 50 feet. The driver then applied the brakes. Plaintiffs did not hear any bell or whistle.

Interrogatories read into the record by counsel for the plaintiffs establish that the 80 car train was moving at a speed of 25 to 30 miles per hour at the time of the occurrence and that there were no gates, bells, watchman, or artificial illumination at the crossing.

■■ Plaintiffs have the burden of furnishing evidence in support of the material allegations of the complaint. Bell v. School Dist. No. 84, 1950, 407 Ill. 406, 95 N.E.2d 496. On motion for directed verdict, the inquiry is whether there is any evidence fairly tending to prove the cause of action. The court does not consider the weight and preponderance of the evidence adduced. MacKay v. Costigan, 7 Cir., 1950, 179 F.2d 125.

■ This court holds that the evidence submitted by the plaintiffs is such that a jury might reasonably infer that the condition of the crossing was extra-hazardous and that the Railroad was negligent in the maintenance and control of the crossing and in the operation of its train at the time of the accident as alleged in the complaint. The Railroad claims plaintiffs are predicating recovery upon the theory that these circumstances bring the case within the exception to the rule that a train upon a track is sufficient warning to the traveller upon the highway to bar a finding of negligence on the part of the Railroad. There is sufficient basis in this record to present a jury question as to the perceptibility of the train and as to its presence upon the track for a sufficient length of time to constitute a warning so that the bar to liability cannot be determined as a matter of law. Cf. Coleman v. Chicago, B. & Q. R. Co., 1936, 287 Ill.App. 483, 5 N.E. 2d 103; Eggers v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co., 7 Cir., 1957, 249 F.2d 58; and Petricek v. Elgin,

Joliet & Eastern Railway Co., 1959, 21 Ill.App.2d 60, 157 N.E.2d 421.

This court's holding requires that the case be remanded to the district court for a new trial. A determination of the question of admissibility of certain evidence offered by plaintiffs and excluded by the trial court is unnecessary.

For the foregoing reasons, the judgment of the district court is hereby reversed and the cause remanded for a new trial.