Esther A. Hamilton, Plaintiff-Appellant, v. Peoria and Pekin Union Railway Co. et al., Defendants.—(Norfolk and Western Railway Co., Defendant-Appellee.)

(No. 74-186; )

Third District—June 11, 1975.

Herring and Blake, of Peoria (William Herring, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, and Westervelt, Johnson, Nicoll & Keller, and Cassidy, Cassidy & Mueller, all of Peoria (Lyle Allen, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Esther Hamilton, filed a complaint for damages for personal injuries two counts of which were directed against defendant-appellee, Norfolk & Western Railway Company. Appellee filed a motion for summary judgment, and judgment was entered in favor of defendant Norfolk and Western. This appeal is from that judgment. There are other counts included in the complaint charging other defendants with negligence in

operating the train and crossing, but those counts are not in issue on this appeal.

On December 5, 1970, plaintiff was a passenger in a motor-vehicle proceeding in a generally northerly direction on Illinois Route 8 which connects Interstate 74 and U.S. 150 in the city of East Peoria. Route 8 proceeds through a heavily populated commercial and industrial area as it approaches the railroad tracks from the south. The road curves to the left, proceeds up a hill and onto a bridge structure which is elevated in the center. North of the bridge are two contiguous railroad rights-of-way which cross Route 8. Norfolk & Western Railway Company maintains and owns the first set of tracks north of the bridge. The distance from the bridge to this first set of tracks is about 65 feet. The Toledo, Peoria & Western Railroad Company owns three sets of tracks to the north of the tracks belonging to the Norfolk and Western. The first of these second set of tracks is stated by plaintiff to be thirty feet north of Norfolk & Western's tracks. The most southerly of the Toledo, Peoria & Western Railroad Company's three sets of tracks is the eastbound main track. Immediately adjacent to this track to the north is the westbound main track and a service track is just north of the westbound main track.

Each of the two crossings had a set of signals consisting of flasher lights on crossarms. There was no integration of the two sets of warning devices. All four sets of tracks parallel each other. Defendant Norfolk & Western's flasher signal light was immediately south of its track and operated independently of Toledo, Peoria & Western's flasher signal light which was immediately south of its most southerly track. Route 8 crosses all four of these tracks.

On the night of the incident in question Peoria & Pekin Union Railway Company was operating a westbound train on the tracks of the Toledo, Peoria & Western Railway Company which struck the vehicle in which plaintiff was riding.

■■ The first issue is whether where extrahazardous conditions exist at a multiple-rail crossing each railroad has a duty to maintain crossing gates and/or flasher signal lights which are integrated with the signals of the contiguous railroads. Defendant's general proposition is that negligence is a breach of duty and without a duty there can be no negligence. (*Brazowski v. Chicago Title & Trust Co.* 280 Ill.App. 293; *Campion v. Chicago Landscape Co.*, 295 Ill.App. 225, 14 N.E.2d 879.) Defendant cites plaintiff's cases and others including *Coleman v. Chicago, Burlington & Quincy R.R. Co.*, 287 Ill.App. 483, 5 N.E.2d 103, to support his contention that there is no duty on the part of one railroad to protect the crossing of the other against the approach of a train owned and operated

by a third railroad. These cases are consistent with the general rule that a railroad has no duty with respect to areas which it does not own or maintain. We agree with this rule and feel that the cases do not require the result argued for by plaintiff.

Plaintiff-appellant recognizes the paucity of decisions on the duties of two railroads which have parallel sets of tracks which intersect at a highway and admits there is no Illinois decision "on all fours" with the facts in the instant case. Her first case is *Brecher v. Chicago Junction Ry. Co.*, 119 Ill.App. 554. *Brecher* is distinguishable in that there the crossing consisted of tracks of more than one owner which crossed each other. The court held that where two tracks belonging to two different owners cross, the crossing being a part of each track, it is the duty of each owner to maintain the crossing in a reasonably safe condition.

Plaintiff next cites a Seventh Circuit Court of Appeals decision, *Schaffer v. Pennsylvania R. Co.* (7th Cir. 1939), 101 F.2d 369, for the rule that the duty of railroad companies jointly owning tracks crossing public highways to provide proper protection to the public against injury from the operation of their cars cannot be delegated so as to relieve either or both from liability. This rule is not in dispute, but the case is distinguishable in that there the two railroads by contract had agreed to hire a watchman to ring a bell and lower a gate when the trains of either railroad approached. The court held there that both railroads were responsible for the proper conduct of the watchman.

Next plaintiff cites a Kansas opinion, *Williams v. Union Pacific R.R. Co.* (1970), 204 Kan. 772, 465 P.2d 975, where the court held that unusually dangerous conditions prevailing at a railroad crossing in the industrial area of a city may require the railroad company engaged in switching operations to anticipate that mere presence of a switch engine as it approaches the crossing will not adequately warn motorists using the street and the unusual hazard may make additional warnings and precautions by the railroad company necessary. *Williams* is distinguishable since it involved a yard operation where there were no warning devices.

■■ Plaintiff argues that in the case at bar defendant Norfolk & Western had the additional duty to place a sign indicating to the unwary motorist the number of tracks he would be required to cross and cites *B & O R.R. Co. v. Brown* (Ind. App. 1972), 290 N.E.2d 742. In *Brown* the Indiana Appellate Court held that the fact that the warning sign at a railroad crossing where the accident occurred did not have the word "two" indiating presence of multiple tracks running parallel to one another was an insubstantial noncompliance with the applicable statute.

In each of plaintiff's cases a railroad was held liable where its trains collided with a car either on a crossing which that defendant railroad maintained or which it had agreed to maintain. It is not reasonable to impose a duty on a railroad which owned neither the train nor the track involved in the collision and was not a party to any agreement to maintain the crossing.

Since the only apparent dispute raised by the summary judgment affidavits is the extrahazardous condition of the crossing, an issue which assumes the existence of a duty which we find does not exist, then it follows there is no genuine issue of fact.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.